KUENZER, APPELLANT, *v.* TEAMSTERS UNION LOCAL 507 ET AL., APPELLEES.

(No. 80-892—Decided May 20, 1981.)

*Mr. Milt Schulman,* for appellant.
*Messrs. Chattman, Moss, Chattman, Garfield & Friedlander* and *Mr. Douglas J. Paul,* for appellees.

SWEENEY, J.   The essence of appellant's argument is that the trial judge misapplied Rule 29 of the Court of Common Pleas of Cuyahoga County (hereinafter "Local Rule 29"). Local Rule 29 states in part: "A case shall be placed upon the Arbitration List when so ordered by a judge at pretrial upon his determining\*\*\*that the amount actually in controversy\*\*\*is Ten Thousand Dollars ($10,000) or less\*\*\*." Local rules providing for mandatory arbitration may be adopted pursuant to Rule 15 (formerly Rule 16) of the Rules of Superintendence for Courts of Common Pleas.[2]

Appellant's complaint sought $75,000, which was considerably more than the $10,000 maximum that an arbitration panel could award under Local Rule 29.[3]   Nevertheless, the arbitration provision of Local Rule 29 may be invoked when the court *determines* that the *amount actually in controversy* does not exceed $10,000. Local Rule 29 is to be construed as granting a judge discretion to look beyond the amount of damages alleged in the complaint. Otherwise, the language in

---

[2] C. P. Sup. R. 15 states in part: "The judge or judges of general divisions of courts of common pleas shall consider, and may adopt, a plan for the mandatory arbitration of civil cases."

[3] Local Rule 29 IV(A) limits arbitration awards to $10,000, if the parties have not previously agreed to waive the $10,000 maximum.

Local Rule 29 regarding "determining" and "actually in controversy" would be surplusage.

Appellant asserts that because the trial judge entered no determination of the amount actually in controversy into the record, the referral to arbitration was arbitrary and hence improper.[4] The fact that the case was referred to arbitration indicates that the court made a determination as to the actual amount in controversy. The dissenting judge in the court below would have reversed the trial court for failure to make an express determination that the amount in controversy was $10,000 or less. Such an express determination would, undoubtably, make for a tidier record on appeal. However, absent a showing of an abuse of discretion by the trial court, the failure to state in the record the reasons for referring a case to arbitration is not reversible error.

The mere referral of the case to arbitration, even if erroneous, imperiled none of appellant's substantive rights.[5] The arbitrators' award was appealable and under C. P. Sup. R. 15(D), "[a]ll appeals [of mandatory arbitration awards] shall be *de novo* proceedings * * * ." [6]

---

[4] The journal entry stated *in toto*: "Pretrial had. Referred to arbitration."

[5] What arguably compromised appellant's substantive rights was his failure to participate in the arbitration hearing. According to Local Rule 29 III(E), "[t]he failure of a party * * * to participate in an arbitration proceeding shall be considered as a waiver of his right to file an appeal *de novo* * * * and a consent to the entry by the Court of judgment on the Report and Award of the panel." The waiver of the right to an appeal *de novo* derives from the failure to appear before the arbitrators, not from the referral of the case to arbitration. Since appellant has not challenged the waiver provision, we express no opinion on Local Rule 29 III(E).

[6] The appeal *de novo* is conditional. C. P. Sup. R. 15(D)(2) requires, *inter alia,* that before an appeal of an arbitration award can be perfected, the party appealing the award must reimburse the county for fees paid to the arbitrators. Local Rule 29 VI(A)(1)(b) includes a similar repayment provision with the further provision that "[t]he sum so paid shall not be taxed as costs * * * and shall not be recoverable by the appellant in any proceeding."

In *Walters* v. *Griffith* (1974), 38 Ohio St. 2d 132, this court held that a local rule requiring a security deposit in advance when a party requested a jury trial was a "moderate and reasonable" regulation. *Id.* at page 133. We see no reason to distinguish the reimbursement of arbitration fees as a condition precedent to an appeal in this case from the payment of a security deposit as a condition precedent to a jury trial in *Walters*. The reimbursement provision does not create a financial barrier that prevents a dissatisfied party from taking his case to a jury. Cf. *Smith Case* (1955), 381

Appellant's exception to the arbitrators' award stated that "the arbitrators misbehaved themselves" when they proceeded with the hearing after they had been notified of appellant's motion to remove the case from the arbitration list. The court properly denied this exception because under Local Rule 29 III(B)(2), an arbitration panel is to treat "[a]ny motion that inadvertently has not been ruled on [by the court] prior to reference of the action to arbitration or has been filed subsequently***as a nullity." Thus, the pendency of appellant's motion to remove was not a basis to stay the arbitration proceedings.

At the trial level appellant did not litigate the question of whether the mandatory arbitration provision of Local Rule 29 violates constitutional guarantees of due process. He is, therefore, foreclosed from raising the issue on appeal. As the Court of Appeals stated, "[i]t is well settled that an appellate court will not consider a question not presented, considered, or decided by a lower court." *Kalish* v. *Trans World Airlines* (1977), 50 Ohio St. 2d 73; *State, ex rel. Masterson,* v. *Racing Comm.* (1954), 162 Ohio St. 366, 369.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN and LOCHER, JJ., concur.

HOLMES and C. BROWN, JJ., dissent.

CLIFFORD F. BROWN, J., dissenting. The final judgment of the lower courts in favor of defendants should be reversed for the following reasons.

The judge of the Court of Common Pleas of Cuyahoga

---

Pa. 223, 112 A. 2d 625, appeal dismissed 350 U. S. 858. Under Local Rule 29 VI(A)(1)(c), the court may allow an appeal *de novo* without reimbursement if the appellant makes a motion accompanied with an affidavit showing that "by reason of poverty he is unable to make the payments***."

Moreover, the reimbursement requirement is functional. As the court noted in *Smith, supra,* at page 233, "[t]he requirement***is obviously designed to serve as a brake or deterrent in the taking of frivolous and wholly unjustified appeals; if there were not such a provision, the defeated party would be likely to appeal in nearly all instances and the arbitration proceedings would tend to become a mere nullity and a waste of time."

County placed the case on the arbitration list in violation of Rule 29 of the Court of Common Pleas of Cuyahoga County, (hereinafter "Local Rule 29") which, in pertinent part, provides:

"PART I. CASES FOR SUBMISSION.

"A case shall be placed upon the Arbitration List when so ordered by a judge at pretrial upon his determining***that the amount actually in controversy, exclusive of interest and costs, is Ten Thousand Dollars ($10,000.00) or less***. Arbitration shall be ordered in cases where the monetary amount in controversy exceeds the sum specified in the mandatory arbitration rule where all the parties to the action agree to arbitration."

Local Rule 29 harmonizes with and is complemented by C. P. Sup. R. 15, which in part provides:

"RULE 15. ARBITRATION.

"The judges or judges of general divisions of courts of common pleas shall consider, and may adopt, a plan for the mandatory arbitration of civil cases.

"The plan shall specify the amount in controversy which will require submission of the case to arbitration and arbitration shall be required in cases wherein the amount in controversy does not exceed that specified sum.***The court shall determine at pretrial whether a case is to be mandatorily arbitrated.***"

The complaint of plaintiff alleges damages in the sum of $75,000. The record discloses that at no time before the arbitrators dismissed plaintiff's case on April 5, 1979, did the common pleas court determine that the amount in controversy was $10,000 or less as required by Local Rule 29 above. That no such judicial determination was made is revealed in the order of February 6, 1979, made at the pretrial hearing by the common pleas judge, which reads, *in toto*: "Pretrial had. Referred to arbitration." This is tantamount to a referral to arbitration regardless of the amount in controversy, even if it exceeds $10,000. Such action constitutes a failure to comply with Local Rule 29.

Plaintiff had requested a jury trial in writing upon filing the complaint. To dismiss plaintiff's case where there is a

206

failure of the trial court to comply with Local Rule 29 governing arbitration is an unconstitutional deprivation by the trial court of plaintiff's constitutional right to a jury trial, a right protected by Section 5, Article I of the Ohio Constitution, and the Seventh Amendment to the United States Constitution. Likewise, such dismissal is arguably a violation of plaintiff's "due process of law" constitutional rights protected by Section 16, Article I of the Ohio Constitution, and the Fifth and Fourteenth Amendments to the United States Constitution. The irregular, unauthorized procedure and action of the common pleas court, further embroidered by an arbitration proceeding (or the abortion thereof) constitutes a short cut which nullifies plaintiff's inviolable constitutional rights to a jury trial and due process of law.

HOLMES, J., concurs in the foregoing dissenting opinion.