COLE, APPELLANT; UNITED STATES FIDELITY & GUARANTY COMPANY, APPELLEE, *v.* CENTRAL OHIO TRANSIT AUTHORITY ET AL., APPELLEES.

(No. 84AP-287 — Decided July 31, 1984.)

*Wolske & Blue* and *Gerald S. Leeseberg,* for appellant.

*Earl & Warburton* and *Dick M. Warburton, Jr.,* for appellee United States Fidelity & Guaranty Co.

*Porter, Wright, Morris & Arthur, Marjorie Crowder Briggs, Ralph Nossett, Charles Kurtz III* and *Daniel P. Wurl,* for appellees COTA and Ralph Nossett.

WHITESIDE, J. By his single assignment of error, plaintiff-appellant, Emerson Cole, contends that the Franklin County Court of Common Pleas erred in granting judgment for defendants upon the basis of an arbitration report and award.

Plaintiff makes no contention that Local Rule 65 of the Franklin County Court of Common Pleas providing for compulsory arbitration of civil actions involving not more that $15,000, is invalid or unreasonable. Rather, plaintiff contends that the trial court had no jurisdiction to require arbitration because Local Rule 65.01(E) (now contained in Local Rule 65.01[D]) provided that "[o]nce a case has been set for trial pursuant to Rule 33.02 of this Court, the case shall not be set for arbitration and shall be deemed nonarbitrable." While we agree that the trial court, being bound by its own rules, erred in referring this matter to arbitration, we do not find this to be a jurisdictional defect. Rather, this was a procedural error; local rules of a court pertain to procedure, not jurisdiction of the court. See

Civ. R. 82 and 83; and Section 5(B), Article IV, Ohio Constitution.

Although, as we have noted, the arbitration order may have been erroneously entered in violation of Local Rule 65.01(E), it does not necessarily follow that such error mandates reversal. The record reflects an entry vacating the trial date for the case, which entry was filed two minutes after the arbitration order — clearly indicating violation of Local Rule 65.01(E). However, Local Rule 65.02(A) provided that "[e]xceptions to an order placing a case on the arbitration list shall be raised by a motion filed within ten (10) days of the mailing of notice of such order, and shall be heard by the assigned judge."

Plaintiff filed no such motion or otherwise objected to the order of arbitration, but, instead, consented to a subsequent order entered November 14, 1983, stating:

"The Court referred this matter to arbitration by Order filed on October 4, 1983. Upon agreement of the parties, it is hereby ordered that the arbitration shall be completed by December 5, 1983."

The record also contains a notice of appointment of arbitrator, whereby the parties agreed to a sole arbitrator, which bears a file stamp noting it was filed in the trial court's assignment commissioner's office on November 23, 1983, but bears no file stamp of the clerk of the trial court, although it is physically included as one of the original papers of the record on appeal.

The arbitration award finding for defendants was filed on December 7, 1983, although the record contains a notice filed December 5, 1983 indicating plaintiff was granted until December 14, 1983 to submit certain evidence. On January 18, 1984, plaintiff filed a notice of rejection of the arbitration award, rather than a notice of appeal. Defendants filed a motion to strike this rejection of the arbitration award from the files, both because it was inappropriate in form and because it was untimely filed. The trial court entered judgment in favor of defendants predicated upon the arbitration award, finding that no appeal from the award had been filed within the time provided by Local Rule 65.16 (now Local Rule 65.15).

This case is somewhat confused by the unfortunate and inappropriate use of the word "appeal" in Local Rule 65.16 with respect to objections to or rejection of the arbitration award. Strictly speaking, the rejection of the arbitration award and request for a trial instead cannot be an appeal since there is nothing to appeal from, there being no order or judgment until such time as the trial court itself enters a judgment upon the arbitration award. Nevertheless, despite the confusion created by the inappropriate use of the word "appeal," a reading of the entirety of Local Rule 65.15 (now Local Rule 65.14) and Local Rule 65.16 indicates the intent thereof, namely, that a party notify the other parties and the court that he does not intend to be bound by the arbitration award, and, instead, desires a trial upon the merits of the controversy. Any writing timely filed which gives this notice to the parties and the court should be deemed sufficient to require a trial upon the merits of the case, rather than the entering of a judgment upon the arbitration award. Here, plaintiff's rejection of the arbitration award was sufficient for this purpose.

However, the rejection of the award was not timely filed since it was not filed within thirty days after the filing of the arbitration award with the clerk of the trial court. In this respect, we note that no issue has been raised concerning the validity of any of the specific provisions of Local Rule 65 of the trial court, and this court makes no determination as to whether any of the requirements of the local rule alluded to in this decision are valid.

As to the more basic issue (the error of the trial court in referring the matter to arbitration), we find that the error was not properly preserved or raised in the trial court. Ordinarily, a reviewing court will not reverse a judgment for error that could have been, but was not, called to the attention of the trial court in a timely fashion. Rather, the issue was not raised until plaintiff responded to defendants' motion to strike plaintiff's rejection of the arbitration award from the files. While a trial court may, pursuant to Civ. R. 6(B), permit any act to be performed out of rule where excusable neglect is found, plaintiff neither sought relief pursuant to that rule, nor demonstrated excusable neglect. Rather, the record tends to indicate that plaintiff tacitly acquiesced in the order of the arbitration, not only by failing to object thereto but also by agreeing to a single arbitrator and by agreeing to a specific date for arbitration to be completed.

Under the circumstances, we find no error justifying this court to interfere with the order of the trial court entered pursuant to its own Local Rule 65 upon the arbitration award. Even when plaintiff finally objected to the order of arbitration, the objection was predicated upon a claimed lack of jurisdiction, rather than procedural error. As the Supreme Court noted in *Kuenzer* v. *Teamsters Union Local 507* (1981), 66 Ohio St. 2d 201, at 203 [20 O.O.3d 205], an erroneous referral of a case to non-binding arbitration pursuant to a local rule does not affect substantive rights since a full trial is available upon request. In effect, plaintiff seeks to have this court adopt the position of the dissenting judges in *Kuenzer,* for which cogent argument can be made, but which this court is not free to adopt. As in *Kuenzer*, no issue has been raised as to whether the mandatory arbitration provision itself violates constitutional guarantees of due process. Accordingly, the assignment of error is not well-taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

REILLY and STILLMAN, JJ., concur.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.