ORMANDY, Appellant,

v.

MECHENBIER et al., Appellees.

[Cite as *Ormandy v. Mechenbier* (1997), 128 Ohio App.3d 536.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE12–1651.

Decided June 30, 1997.

*Butler, Cincione, DiCuccio, Dritz & Barnhart, N. Gerald DiCuccio, Stanley B. Dritz* and *Gail M. Zalimeni,* for appellant.

*Jacobson, Maynard, Tushman & Kalur Co., L.P.A., Daniel J. White, Bobbie S. Morelan* and *Karen L. Clouse,* for appellees James A. Mechenbier, M.D., and Greater Columbus Otolaryngology, Head and Neck Surgery.

*Earl, Warburton, Adams & Davis, Christopher R. Walsh, Ted L. Earl* and *Grier D. Schaffer,* for appellee Mount Carmel Health.

---

LAZARUS, Judge.

Plaintiff-appellant, Heather Ormandy, appeals from a judgment of the Franklin County Court of Common Pleas entered upon a report and award resulting from court-ordered arbitration. We affirm for the reasons that follow.

On January 31, 1995, appellant filed this action claiming medical malpractice against James A. Mechenbier, M.D., Greater Columbus Otolaryngology Head and Neck Surgery, Inc., and Mount Carmel Health, d.b.a. Mount Carmel Medical Center, arising from a procedure to excise pigment from appellant's skin using carbon dioxide and tunable dye lasers. On June 11, 1996, the trial court referred the case to arbitration pursuant to Local Rule 103 of the Franklin County Court of Common Pleas General Division and appointed a chairperson for the three-person arbitration board. Loc.R. 103.01(C) requires that a party wishing to

oppose arbitration file a memorandum in opposition within fourteen days of the service of the entry to arbitrate. No such memorandum was filed.[1] In compliance with Loc.R. 103.02(C), appellant and appellees each appointed one member to the arbitration board. On September 24, 1996, the arbitration board filed its report and award, unanimously finding in favor of appellees. Loc.R. 103.13 states that the arbitration board's report and award shall be final unless appealed from. Loc.R. 103.14(A) provides that any party may appeal and that an appeal requires a *de novo* trial of the entire case; this right to appeal, however, is conditioned upon a party filing a notice of appeal within thirty days after the filing of the report and award. On November 5, 1996, more than thirty days after the filing of the report and award, and with no notice of appeal having been filed, the trial court entered judgment in favor of appellees pursuant to Loc.R. 103.13.

On November 21, 1996, appellant filed two documents: a Loc.R. 103.14(A) notice of appeal from the arbitration board's report and award, and a Civ.R. 60(B) motion for relief from the November 5, 1996 judgment, which asserted that appellant's failure to timely file the Loc.R. 103.14(A) notice of appeal was the result of excusable neglect. So far as the record reveals, the trial court has not ruled on the Civ.R. 60(B) motion. On December 5, 1996, appellant filed a notice of appeal to this court from the trial court's November 5, 1996 judgment. Appellant asserts three assignments of error:

1. "The trial court erred by referring the present medical malpractice case to compulsory arbitration pursuant to Local Rule 103 when it had no jurisdiction to do so because: (A) the amount in controversy was greater than fifty thousand dollars ($50,000), and (B) the case involves complicated issues of significant fact."

2. "The trial court erred by entering judgment consistent with the arbitration report and award pursuant to Local Rule 103 in the present medical malpractice case, because this rule is inapplicable to the extent that Ohio Revised Code § 2711.21 applies, which contemplates the present case continuing as a civil action as if it had never been referred to arbitration."

---

1. Loc.R. 103.01 provides:

"A. Any judge of the general division of the Court of Common Pleas may, at any time, by a general entry, order any case assigned to that judge to be heard and decided by a Board of Arbitration, consisting of three (3) members who are licensed attorneys * * *.
"* * *
"C. A party who wishes to oppose arbitration shall file a memorandum contra within 14 days of the service of the Entry to Arbitrate or the motion to arbitrate."
Appellant in her brief alleges that her counsel objected to arbitration, apparently out of court and not on the record. The record contains no suggestion of any objection having been made, formally or informally, in or out of court.

3. "The trial court erred by entering judgment for defendants and incorporating the arbitration report and award in its judgment entry because such report and award was not accepted by all parties thereto pursuant to Ohio Revised Code § 2711.21(C) and C.P.Sup.R. 15."

■ An appellate court generally will not consider a question not presented to the trial court. See *Kuenzer v. Teamsters Union Local 507* (1981), 66 Ohio St.2d 201, 204, 20 O.O.3d 205, 207–208, 420 N.E.2d 1009, 1011–1012 (refusing to consider due process challenge to local court rule mandating arbitration); *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 210, 24 O.O.3d 316, 317–318, 436 N.E.2d 1001, 1003–1004. In *Lowe v. Howard* (Aug. 20, 1992), Franklin App. No. 92AP–192, unreported, 1992 WL 208921, we held that failure to object to a Loc.R. 103 order of arbitration constituted waiver of the argument that the order was improper due to the amount in controversy. *Lowe* was cited with approval in *Enyart v. Columbus Metro. Area Community Action Org.* (1996), 115 Ohio App.3d 348, 685 N.E.2d 550.

■ Appellant did not oppose arbitration by filing a memorandum opposing the entry to arbitrate as provided for in Loc.R. 103.01(C). The arbitration board's report and award states that its decision was "on the merits, and after a full and complete consideration of the evidence and arguments of the attorneys." At no time before the trial court did appellant raise the issues underlying her assignments of error. Because appellant failed to raise these issues in the trial court, she waived their consideration on appeal.

■ We reject appellant's assertion that the first assignment of error raises a question regarding the subject matter jurisdiction of the trial court and the arbitration board, reviewable for the first time on appeal. The court had the power under Loc.R. 103, which was adopted pursuant to Rule 15 of the Rules of Superintendence for Courts of Common Pleas, to order arbitration.

■ Even assuming that the first assignment of error raises a jurisdictional question, there is still no merit to appellant's arguments. First, appellant argues that the trial court erred because the amount in controversy was $1.5 million, the amount she demanded. The trial court has the discretion to value the claims and need not rely on a party's demand. See *Lowe, supra,* 1992 WL 208921, (construing former Loc.R. 103.01 [effective July 1, 1991]); see, also, *Kuenzer, supra,* 66 Ohio St.2d at 202–203, 20 O.O.3d at 206–207, 420 N.E.2d at 1010–1011 (construing former local arbitration rule of the Cuyahoga County Court of Common Pleas). Moreover, an arbitration board is authorized to award in excess

of $50,000. Loc.R. 103.12. Second, appellant argues that the trial court erred because the case involved complicated issues of significant fact, namely the issue of whether the simultaneous use of a carbon dioxide laser and a tunable dye laser was appropriate for pigment excision. The record contains no evidence concerning carbon dioxide and tunable dye lasers. In the absence of any evidence, we could not say that appellant had sustained her burden on appeal of proving that Loc.R. 103.01(A)(4) was not satisfied. Therefore, even assuming that the first assignment of error raises a jurisdictional question, appellant's arguments are not well taken.

In the second and third assignments of error, appellant contends that the trial court erred in entering judgment for appellees pursuant to Loc.R. 103 because Loc.R. 103 conflicts with R.C. 2711.21. Appellant asserts that the conflict centers on the mandatory nature of arbitration proceedings under the local rule, as contrasted with the voluntary arbitration of medical malpractice claims under R.C. 2711.21.

Nothing in the record suggests that Loc.R. 103, as applied here, initiated anything but voluntary arbitration. Despite the opportunity to object provided by Loc.R. 103.01(C), appellant did not do so. Her lack of objection suggests consent to the arbitration proceeding. This, coupled with appellant's failure to raise the issue in the trial court, renders her argument not well taken.

For these reasons, all three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PEGGY BRYANT and PETREE, JJ., concur.