This is a civil appeal from the Lake County Court of Common Pleas. Appellant, Rose Arnold Voltz, appeals from the trial court's April 9, 1998 judgment entry granting judgment in favor of appellee, Manor Care Nursing Home.
On May 5, 1996, appellant left on a vacation to visit her sister, son and a friend in Las Vegas. On that same date, appellant's husband, George Voltz ("George"), was a resident-patient at appellee's facility. On May 7, 1996, George died in the care of appellee. On the date of George's death, appellant was still visiting in Las Vegas. Upon George's death, appellee attempted, by phone, to contact appellant at her residence. The record reveals that there is an unresolved factual question of whether appellee was notified of appellant's vacation and provided with the necessary information to contact her in the case of an emergency.
Appellant learned of George's death when she returned from her visit on May 10, 1996. Appellant also became aware that her husband's body had been released to a nephew and that the body had already been buried. Both the release of the body and the burial occurred without appellant's knowledge. The nephew who received the body was listed in appellee's records as George's next-of-kin.
On May 5, 1997, appellant filed a complaint in the Lake County Court of Common Pleas requesting a jury trial and praying for a judgment against appellee in the amount of $300,000. Appellant's complaint alleged the following causes of action: negligence, breach of contract, and negligent infliction of emotional distress. On February 9, 1998, after a pretrial hearing, the trial judge ordered both parties to attend non-binding arbitration pursuant to the "Rules for Compulsory Arbitration for Lake County" ("Lake County Arbitration Rules"). The arbitration hearing was set for March 18, 1998.
Pursuant to Part 1(B) of the Lake County Arbitration Rules, appellant filed a "Motion and Exceptions to Order Placing Case on Arbitration List," dated February 17, 1998, requesting that her case be removed from the arbitration list and set on the docket for a jury trial. In that motion, appellant stated that arbitration was improper because: (1) the amount in controversy exceeded $30,000, (2) it would take at least three full days to present her case, and (3) arbitration would be prejudicial and non-dispositive. Thus, appellant and her counsel willfully failed to make an appearance at the arbitration hearing held on March 18, 1998.
At the hearing, with neither appellant nor her counsel present, evidence was presented by appellee. On March 18, 1998, a "Report and Award of Arbitrators" was filed. In that report, the arbitrators found in favor of appellee on all counts specified in appellant's complaint. On March 19, 1998, the trial court filed a judgment entry overruling appellant's February 17, 1998 motion to remove her case from the list of cases set for arbitration.
In response to the March 18, 1998 "Report and Award of Arbitrators," appellant filed a "Notice of Appeal De Novo," with the trial court, on April 8, 1998. In a judgment entry dated April 9, 1998, the trial court dismissed appellant's notice of appeal de novo on the basis that neither appellant nor her attorney attended the arbitration hearing. In that judgment entry, the trial court also stated the following: (1) appellant was notified of the time and date of the arbitration hearing but affirmatively refused to attend, (2) the Chairman of the arbitration panel notified appellant's counsel by phone and fax that the arbitration hearing would proceed as scheduled, (3) appellant's counsel sent a letter to the Lake County Arbitration Commissioner on February 10, 1998, indicating his dissatisfaction with the court ordering an arbitration hearing, and (4) the trial court sent a letter to appellant's counsel indicating that the hearing would proceed. The trial court also stated that Part III, Section E, of the Lake County Arbitration Rules was incorporated into the "Rules of the Courts of Common Pleas for Lake County," and provides that a party who fails to attend an arbitration proceeding waives the right to file an appeal de novo in the trial court.
In an April 23, 1998 judgment entry, the trial court held that appellant's notice of appeal de novo was dismissed on April 9, 1998, due to a violation of Part III, Section E, of the Lake County Arbitration Rules. In addition, the court ordered that judgment be entered in favor of appellee on all counts listed in appellant's complaint.
On May 7, 1998, appellant filed a timely notice of appeal from the trial court's judgment entry dated April 9, 1998. Appellant now asserts the following assignments of error:
 "[1.] The trial judge erred in ordering the case at bar to compulsory arbitration pursuant to the rules for compulsory arbitration for Lake County because the amount actually in controversy exceeded the thirty thousand dollar ($30,000) jurisdiction of arbitration.
 "[2.] The rules for compulsory arbitration for Lake County considering the default of a party a waiver of the right to file an appeal de novo[,] is an unconstitutional denial of the party's right to due process of law and the party's right to a jury trial."
In the first assignment of error, appellant contends that the trial court acted against its own rules by ordering her case to arbitration, because her complaint sought damages in the amount of $300,000. Appellant points out that the court's own arbitration rules permit it to order a matter to arbitration only if the amount actually in controversy, exclusive of interest and costs, does not exceed $30,000. Furthermore, appellant argues that it was reversible error to order her case to arbitration since the trial judge did not make a determination on the record indicating that the actual amount in controversy was within the $30,000 arbitration jurisdictional amount.
Appellant's first assignment of error mirrors an identical assignment of error addressed in Kuenzer v. Teamsters UnionLocal 507 (1981), 66 Ohio St.2d 201, which is a case precisely on point. In that case, the appellant filed an assault and battery action against the appellee, seeking $75,000 in damages and requesting a jury trial. After a pretrial conference, the trial court ordered the case to arbitration. The appellant filed a motion objecting to the arbitration order on the basis that the rules of the court permitted a case to be ordered to arbitration only if the actual amount in controversy did not exceed $10,000. The trial court overruled the appellant's motion. After the appellant failed to make an appearance at the arbitration hearing, the arbitrators dismissed the case. The appellant then filed an exception to the arbitration proceedings, but the exception was overruled by the trial court. On appeal, the appellant argued that the arbitration referral was improper and constituted a denial of due process. The Supreme Court of Ohio declined to address the appellant's due process claim because that assignment of error was not raised in the trial court. Id. at 204. The supreme court also held that the trial court's arbitration referral was not improper. Id.
The trial court's referral of the appellant's case to arbitration was not improper because, "[l]ocal rules providing for mandatory arbitration may be adopted pursuant to Rule 15 (formerly Rule 16) of the Rules of Superintendence for Courts of Common Pleas." Id. at 202. Furthermore, a judge has the "discretion to look beyond the amount of damages alleged in the complaint" to determine the actual amount in controversy. Id.
In addition, "[t]he fact that the case was referred to arbitration indicates that the court made a determination as to the actual amount in controversy." Id. at 203. Thus, "absent a showing of an abuse of discretion by the trial court, [for its] * * * failure to state in the record the reasons for referring a case to arbitration is not reversible error." Id.
Accordingly, a trial court is not required to enter on the record a determination of the amount actually in controversy.Id. In Kuenzer, the supreme court also held that the appellant's substantive rights were not imperiled by the referral of his case to arbitration, because the arbitrator's award was appealable by a de novo proceeding. Id.
In the case sub judice, the trial court judge ordered appellant's case to mandatory arbitration. As stated inKuenzer, the fact that appellant's complaint sought damages in an amount greater than the $30,000 arbitration limit, does not preclude the trial judge from ordering the case to arbitration, if the judge determines that the actual amount in controversy is within the arbitration limit. Also, according to the holding in Kuenzer, a trial judge is not required to enter on the record a determination of the actual amount in controversy. The fact that the trial judge ordered appellant's case to arbitration demonstrates that the court determined the amount in controversy to be within the $30,000 arbitration limit. Furthermore, appellant has not alleged that the trial judge's determination was an abuse of discretion. Finally, appellant's substantive rights were not imperiled because if the arbitration result was unsatisfactory, she had the right to file an appeal de novo. Therefore, appellant's first assignment of error is overruled.
In the second assignment of error, appellant claims that the Lake County arbitration procedure is unconstitutional because it denies her the right to a jury trial by providing that a party who fails to attend the arbitration meeting waives the right to an appeal de novo.
In our case, the record shows that appellant failed to raise this issue before the trial court. In Kuenzer, the appellant assigned as error for the first time on appeal, that the trial court's referral of his case to arbitration was arbitrary and improper. The supreme court refused to address that assignment error, stating, " '(i)t is well settled that an appellate court will not consider a question not presented, considered, or decided by a lower court.' Kalish v. Trans World Airlines
(1977), 50 Ohio St.2d 73 * * *." Kuenzer, 66 Ohio St.2d at 204.
However, plain errors or defects affecting substantial rights
may be recognized for the first time on appeal even though they were not brought to the attention of the trial court. State v.Faulkner (1978), 56 Ohio St.2d 42, 47. In addition, it is firmly established that "[t]he right to a jury trial is a substantial right, and does not merely involve a question of procedure." Cleveland Ry. Co. v. Halliday (1933), 127 Ohio St. 278, paragraph one of the syllabus. Appellant's second assignment of error raises an issue involving her right to a jury trial, which is a substantial right. Therefore, this court will exercise its discretion to address the merits of appellant's assignment of error, as permitted by the cases ofFaulkner and Halliday.
Appellant's second assignment of error is based on Part III, Section E, of the Lake County Arbitration Rules, which states the following:
 "The arbitration may proceed in the absence of any party who, after due notice, fails to be present or fails to obtain an adjournment. An award shall not be made solely on the default of a party; the Board of Arbitration shall require the other party to submit such evidences as they may require for the making of an award. The failure of a party to appear either in person or by counsel and participate in an arbitration proceeding shall be considered as a waiver of his right to file an appeal de novo (Part VI hereof) and a consent to the entry by the Court of judgment on the Report and Award of the panel. The Court to whom a case is assigned may, upon motion filed with the Arbitration Commissioner acting for the Clerk of Courts within thirty (30) days of the filing of the Report and Award and for good cause shown, grant leave to party who has failed to appear and participate in a hearing, to file an appeal de novo as hereinafter provided in Part VI." (Emphasis added.)
The Ohio Rules of Superintendence permit courts of common pleas to adopt rules requiring mandatory arbitration:
"(A) Arbitration in civil cases.
 "(1) The judge or judges of general divisions of courts of common pleas, of municipal courts, or of county courts shall consider, and may adopt, a plan for the mandatory arbitration of civil cases. * * *" Sup. R. 15(A).
In the commentary to Sup. R. 15, the Supreme Court of Ohio wrote, "a plan for the arbitration of cases is within the discretion of the court [adopting it]." The supreme court also stated that "[a]rbitration has been proven to be an effective method of case disposition." Commentary to Sup. R. 15.
In the case of Walters v. Griffith (1974), 38 Ohio St.2d 132, the appellant filed a civil suit and requested a jury trial in the matter. The local rule stated that a party requesting a jury trial must pay a ten dollar security deposit within ten days after filing a jury demand. The local rule also stated that a failure to timely pay the security deposit constituted a waiver of the right to a trial by jury. In that case the appellant failed to timely pay the security deposit and the trial court determined that he, thus, waived his right to a jury trial.
On appeal before the supreme court, the appellant argued that the local rule unconstitutionally denied him of his right to a trial by a jury. The supreme court upheld the trial court's ruling and stated, "[a]lthough there may not constitutionally be any impairment or denial of the right of trial by jury, that right may be subject to moderate and reasonable regulation." (Emphasis added.) Id. at 133. The court further stated that "[t]he rule involved here is likewise a moderate and reasonable regulation of the right of trial by jury, and is not an impairment of that right. The rule is not a violation of the constitutional guarantee of either the Ohio or the United States Constitution." Id.
Although the Kuenzer court did not address the constitutionality of a local rule permitting the waiver of an appeal de novo for failing to attend a mandatory, court ordered arbitration proceeding, that court did intimate that such a provision was constitutional. Id. at 203, fns. 5-6 (where the court made references to Sup. R. 15 and Walters).
In Prochazka Plumbing v. Potts (Nov. 3, 1994), Cuyahoga App. No. 67107, unreported, 1994 Ohio App. LEXIS 4934, the Eighth District Court of Appeals upheld the trial court's refusal to hear an appeal de novo from a plaintiff, when neither he nor his attorney made an appearance at a mandatory arbitration hearing. The trial court's arbitration rule specifically stated that the failure of either party to make an appearance at an arbitration proceeding would be considered a waiver of the right to file an appeal de novo. On appeal, the appellant argued that the trial court erred in refusing to permit an appeal de novo merely for his failure to appear at arbitration. In affirming the trial court's ruling, the appellate court indicated that the rule furthered the prompt and efficient dispatch of justice. Id. at 6-8.
The Ohio Rules of Superintendence expressly permit the Lake County Court of Common Pleas to create local rules requiring mandatory arbitration in civil cases and, logically, rules necessary to compel parties to attend compelled arbitration, which might otherwise be ignored. However, appellant's concern that local rules must not violate one's constitutional rights is well-taken. Yet, although a party may have a constitutional right to a trial by jury, the Supreme Court of Ohio held, inWalters, that the constitutional right to a trial by jury may be subjected to moderate and reasonable regulation, which when not complied with, may permissibly result in a waiver of that right. In addition, the commentary to Sup. R. 15 indicates that local rules requiring mandatory arbitration are moderate and reasonable regulations by virtue of the fact that arbitration has been proven to be an effective method of case disposition.
Based on the reasoning articulated in the cases ofWalters and Potts, coupled with Sup. R. 15, we conclude that the mandatory arbitration rule of the Lake County Court of Common Pleas, and its waiver provision, is a moderate and reasonable regulation on the right to a jury trial, and not an impairment of that right. The waiver of the right to an appealde novo and the inability to have her cause tried by a jury resulted from appellant's refusal to attend arbitration, not from the referral of the case to arbitration. Importantly, the Lake County Arbitration Rules permit the trial court to grant leave, after the fact, to a party who has failed to appear and participate in a hearing, to file an appeal de novo upon a showing of good cause. Thus, the arbitration rule is simply a regulation on the right to a jury trial and is not in contradiction to that right.
In the alternative, appellant's willful non-attendance at the arbitration hearing could be characterized as a failure to prosecute, for which the trial court could grant an involuntary dismissal pursuant to Civ.R. 41(B). In cases where an appellant had a right to a jury trial, the failure to prosecute can constitute a waiver of the right to a trial by jury. See, generally, Pembaur v. Leis (1982), 1 Ohio St.3d 89; Sefcik v.Walker (Jun. 30, 1986), Trumbull App. No. 3561, unreported. Moreover, the failure to attend a hearing at which the trial court had directed a party to appear may be considered by that court as a failure to prosecute, resulting in a Civ.R. 41(B)(1) involuntary dismissal. Pembaur, 1 Ohio St.3d at syllabus, 126-127. A trial court has the "inherent power to dismiss suasponte for lack of prosecution because the control necessary to 'manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' " Id. at 127, quoting Linkv. Wabash RR. Co. (1962), 370 U.S. 626, 630-631.
In the instant matter, appellant and her attorney willfully failed to attend the mandatory arbitration hearing pursuant to the Lake County Arbitration Rules because they deemed such hearing as prejudicial, non-dispositive, and beyond the power of the trial court. As previously discussed, the trial court did retain the power to compel the parties to attend arbitration. Also, appellant was on notice that a failure to attend would result in her waiver of an appeal de novo, because she was aware of the arbitration provision and its language clearly specifying that a failure to attend would result in a waiver. Finally, appellant's willful failure to attend the mandatory arbitration hearing does not constitute a showing of good cause and, therefore, the trial court did not abuse its discretion in overruling appellant's notice of an appeal denovo. Thus, appellant's second assignment of error is not well-founded.
For the foregoing reasons, appellant's assignments of error are without merit, and the judgment of the Lake County Court of Common Pleas is affirmed.
 ------------------------------ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., Concur.