OPINION
Appellant, Christopher Popa, appeals the judgment issued by the Lake County Court of Common Pleas, granting judgment against him and in favor of appellee, Melissa Willoughby.
On December 15, 1997, Willoughby filed a lawsuit against Popa seeking damages for personal injury resulting from an automobile accident that occurred on July 5, 1997. On October 11, 1998, plaintiff's counsel sent a letter to the Lake County Court of Common Pleas indicating that he would be amenable to having the case submitted to arbitration. The matter was subsequently referred to arbitration, and the arbitration was set for December 10, 1998. On November 30, 1998, plaintiff increased her settlement demand to $75,000 after receiving a dental report indicating that injury to her teeth was attributable to the accident.
Even though plaintiff had increased her settlement demand, the parties proceeded with the scheduled arbitration on December 10, 1998, and the arbitration panel awarded plaintiff the arbitration limits of $30,000. On December 24, 1998, defendant attempted to file an appeal de novo from the arbitration award; however, the Lake County Clerk of Courts returned defendant's notice of appeal because plaintiff had already filed a notice of appeal on December 17, 1998.
On January 20, 1999, the trial court dismissed plaintiff's notice of appeal and entered judgment in favor of plaintiff in the amount of $30,000. From this judgment, defendant assigns the following error:
 "The trial court committed reversible error when it dismissed plaintiff-appellee's appeal `de novo' from the arbitration award, affirmed the arbitration award, and entered judgment against defendant-appellant."
 In his sole assignment of error, appellant contends that the trial court abused its discretion by affirming the arbitration award when it had been properly appealed. He maintains that the trial court erred by entering judgment against him without having a trial de novo.
The Rules for Compulsory Arbitration for Lake County provide that "an award may not exceed THIRTY THOUSAND DOLLARS ($30,000.00) per claimant, exclusive of interest and cost, unless the parties agree otherwise." Compulsory arbitration is not the equivalent of binding abitration. Assignment to compulsory arbitration mandates the parties to present their case to the Board of Arbitration. See Voltz v. Manor Care Nursing Home (Mar. 31, 1999), Lake App. No. 98-L-103, unreported. The Rules provide that cases may be referred to binding arbitration only where the parties agree in writing to be bound by the decision of the arbitrators. The legal effect of the arbitration report and award is set forth in Part IV of the Rules for Compulsory Arbitration:
 "The report and award, unless appealed from as herein provided, shall be final and shall have the attributes and legal effect of a verdict. If no appeal is taken within the time and in the manner specified therefor, the Court shall enter judgment in accordance therewith. After entry of such judgment, execution process may be issued as in the case of other judgments."
 In the instant case, there is no indication in the record that the parties agreed to binding arbitration; therefore, the arbitration was non-binding and either of the parties was entitled to appeal the arbitrators' decision. The appeal procedure is set forth in Part VI of the Rules for Compulsory Arbitration and provides, in part:
"(A) RIGHT OF APPEAL:
 Any party may appeal from the action of the Board of Arbitration to the Common Pleas Court of Lake County. * * *
"(B) APPEAL DE NOVO:
 All cases which have been duly appealed shall be tried de novo. * * *"
 A trial de novo requires a trial of the entire case on all issues as if no arbitration decision had been rendered. Dupal v. Daedlow (1989), 61 Ohio App.3d 46, 48, 572 N.E.2d 147. Because courts of common pleas are bound by their local rules, see Cole v. Central Ohio Trans. Auth. (1984), 20 Ohio App.3d 312, 312-313, 486 N.E.2d 140, the trial court was required to set the case for trial after appellee filed a notice of appeal. The fact that appellee had received the maximum award in the arbitration proceeding was irrelevant. The directive for a trial de novo upon appeal is mandatory. The trial court abused its discretion by entering judgment against appellant. Appellant's sole assignment of error has merit.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is reversed. The case is remanded for proceedings consistent with this opinion.
 ______________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J., and O'NEILL, J., concur.