[Cite as *Woodard v. Colaluca*, 2014-Ohio-3824.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

## JOURNAL ENTRY AND OPINION
## No. 101327

# TROY D. WOODARD

### RELATOR

vs.

# JUDGE JANET R. COLALUCA, ET AL.

### RESPONDENTS

## JUDGMENT:
## COMPLAINT DISMISSED

Writ of Prohibition
Order No. 477369
Motion No. 475892

**RELEASE DATE:** September 3, 2014

**ATTORNEY FOR RELATOR**

Lori A. Zocolo
Abel & Zocolo Co., L.P.A.
815 Superior Ave.
Suite 1915
Cleveland, OH 44114


**ATTORNEYS FOR RESPONDENTS**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Charles E. Hannan
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1}   On April 30, 2014, the relator, Troy Woodard, commenced this prohibition action against the respondents, Judge Janet Rath Colaluca and Magistrate Anjanette A. Whitman, to prevent them from conducting further judicial proceedings related to the wife's motion for interim attorney fees in the underlying case, *Cherry Carr-Woodard v. Troy Woodard,* Cuyahoga C.P., Domestic Relations Division, No. DR-13-348738.   The relator argues that the respondents exceeded their jurisdiction by awarding interim attorney fees without following Loc.R. 21 of the domestic relations division, especially by not holding a hearing, threatening contempt, not allowing a purge, and ordering the money paid directly to the opposing attorney.   On June 17, 2014, the respondents moved to dismiss.   On July 7, 2014, the relator filed his brief in opposition.   For the following reasons, this court grants the respondents' motion to dismiss.

{¶2}   The relator is the defendant in the underlying case, a contentious divorce. He avers the following:   on January 9, 2014, the wife moved for interim attorney fees; this motion was not supported by affidavits, time sheets, or other evidentiary materials relating to her attorneys' experience and qualifications, or the complexity of the case. Nevertheless, on January 30, 2014, Magistrate Whitman, without holding an evidentiary hearing, ordered the relator to pay "$30,000 for attorney fees that have been incurred by the Plaintiff and if any excess funds exist from that amount, they shall be applied to future legal services * * *."   Furthermore, the order directed the relator to pay these funds directly to the wife's attorney.   The relator moved to vacate this order, but Judge

Colaluca denied the motion the next day. Subsequently, the wife filed a motion to show cause for failure to pay the attorney fees and also moved to bifurcate the issue of attorney fees. On April 16, 2014, the court scheduled a May 5, 2014 hearing on the motion to show cause. The relator further avers that the magistrate limited his time to defend the show cause motion to 15 minutes. The court also granted the motion to bifurcate despite the relator's objection that his attorneys had not been properly served. The relator also avers that the magistrate improperly threatened him with incarceration for failure to pay the attorney fees. Relator then commenced this prohibition action.

{¶3} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.,* 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common*

*Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940); and *Reiss v. Columbus Mun. Court*, 76 Ohio Law Abs. 141, 145 N.E.2d 447 (10th Dist.1956).

{¶4} When a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988); and *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387, 668 N.E.2d 996 (8th Dist.1995). However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997).

{¶5} The gravamen of the relator's case is that the respondents exceeded their authority and jurisdiction when they awarded interim attorney fees without following Loc.R. 21. Subsection (B) requires that at the final hearing on the motion for attorney fees, the attorney seeking the fees shall present an itemized statement of the services provided, testimony regarding the lawyers' experience and qualifications, testimony as to the complexity of the case, and evidence of the parties' respective income and expenses. Subsection (D) provides that the failure to comply with the rule shall result in the denial of the request for attorney fees. The relator complains that there was never a hearing before the award, that the wife's attorneys did not provide an itemized statement, or

evidence of their experience and qualifications or the complexity of the case and that the relator never had the opportunity to defend properly, including presenting evidence as to his expenses. Therefore, this attorney fees award was ultra vires and beyond the court's jurisdiction.

{¶6} This argument is ill-founded. First, R.C. 3105.011 vests the domestic relations court with the basic jurisdiction and full equitable powers "appropriate to the determination of all domestic relation matters." When a court has basic statutory jurisdiction to act and appeal is available, the writ of prohibition will not lie. *State ex rel. Lester v. Court of Common Pleas, Div. of Domestic Relations, Butler Cty.*, 12th Dist. Butler No. CA91-05-080, 1991 Ohio App. LEXIS 5187 (Oct. 28, 1991); and *France v. Celebrezze*, 8th Dist. Cuyahoga No. 98992, 2012-Ohio-5085.

{¶7} Moreover, Civ.R. 82 provides that the "rules shall not be construed to extend or limit the jurisdiction of the courts of this state." As a corollary, the local rules promulgated, pursuant to Civ.R. 83, could not extend or limit a court's jurisdiction. In *Cole v. Cent. Ohio Transit Auth.*, 20 Ohio App.3d 312, 486 N.E.2d 140 (10th Dist.1984), the appellant argued that the trial court had no jurisdiction to require arbitration because the local rule prohibited arbitration after a case had been set for trial. The court of appeals rejected the argument. Referring the case to arbitration was not a jurisdictional defect, but a procedural error; "local rules of a court pertain to procedure, not jurisdiction of the court." *Id.*

**{¶8}** Similarly, the respondents' order to pay the attorney fees directly to the wife's lawyer, instead of to the wife as explicit spousal support and arguably in contravention of R.C. 3105.18, may be an error in the exercise of jurisdiction, but not an act beyond the court's jurisdiction to determine domestic relations cases. Relator cites no authority that declares that ordering the payment of attorney fees directly to the attorney is beyond the court's jurisdiction.

**{¶9}** Relator also complains that the magistrate's reference to possible incarceration as a penalty for contempt and other judicial acts that show bias against him deprive the respondents of jurisdiction. However, this court has held that improper, biased, prejudiced, discourteous, undignified, impatient, and belligerent conduct does not relate to a patent and unambiguous lack of jurisdiction warranting a writ of prohibition. *State ex rel. Corn v. Russo*, 133 Ohio App.3d 5, 726 N.E.2d 1052 (8th Dist.1999), *rev'd on other grounds*, 90 Ohio St.3d 551, 740 N.E.2d 265 (2001).

**{¶10}** To the extent that relator argues that prohibition should lie because the respondents abused their discretion in how they awarded attorney fees, threatened incarceration, failed to offer the opportunity to purge contempt, and limited the time to present argument and evidence, prohibition does not lie to remedy abuses of discretion. *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 534 N.E.2d 46 (1988).

**{¶11}** Accordingly, this court grants the respondents' motion to dismiss. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

**{¶12}** Writ dismissed.

_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR