WAS, APPELLANT, *v.* A.J.L.S., INC., APPELLEE.

(No. 3727 — Decided March 27, 1985.)

*Nancy L. Gervinski,* for appellant.
*Larry Alderman* and *Michael Loughman,* for appellee.

GEORGE, J. The plaintiff-appellant, Jerard L. Was, appeals the trial court's entry of judgment in accordance with an arbitration award. This court reverses that judgment.

Plaintiff filed a complaint against his employer, A. J. L. S., Inc., alleging violations of the minimum wage laws. This matter was submitted to arbitration. On December 2, 1983, the arbitrators issued a report finding in favor of A. J. L. S., Inc. Plaintiff appealed from this award. However, he mailed his notice of appeal to the wrong court. The notice of appeal was eventually filed in the right court on January 5, 1984. On January 6, 1984, plaintiff filed a motion

to file his notice of appeal instanter due to the fact that it had been filed after the thirty-day period required by Loc. R. 20. The trial court initially granted this motion.

However, the trial court subsequently ruled plaintiff's failure to timely appeal the arbitration award meant the court lacked jurisdiction to consider the appeal. Thus, the trial court denied this motion and affirmed the arbitration award. Plaintiff appeals from this judgment.

## Assignment of Error 1

"It was error for the trial court to vacate its order allowing plaintiff-appellant leave to file instanter when sufficient grounds supporting an untimely filing are set forth by movant."

Loc. R. 20(H)(1) provides as follows:

"*Right of Appeal:* Any party may appeal from the action of the arbitration board to the Common Pleas Court of Lorain County unless the right of appeal is waived by all parties and all counsel to the proceedings in writing prior to the arbitration hearing; said waiver shall be filed as part of the arbitration record. The right of appeal shall be subject to the conditions set forth in this rule, all of which shall be completed within thirty (30) days after the filing of the report and award with the Clerk of Courts."

This rule requires a party to appeal an arbitration award within thirty days from the date it is filed. The record reveals that plaintiff filed his notice of appeal to the trial court after this period had expired. The trial court ruled that plaintiff's failure to comply with this rule meant that the trial court no longer had jurisdiction over the case. At issue on appeal is whether Loc. R. 20 is jurisdictional or procedural.

It is well-settled law that once a court of competent jurisdiction acquires jurisdiction over a particular matter, that court's jurisdiction over the case continues until the case is fully disposed

of. *Weenink & Sons Co.* v. *Court of Common Pleas of Cuyahoga County* (1948), 150 Ohio St. 349. Further, the jurisdiction of the trial court confers a substantive right. It is not a procedural rule. *Akron* v. *Gay* (1976), 47 Ohio St. 2d 164 [1 O.O.3d 96]. Here, the trial court's jurisdiction was invoked with the filing of the complaint. Thus, the issue becomes whether referral of the case to arbitration affected the trial court's jurisdiction.

Loc. R. 20 basically follows the Ohio Supreme Court's rules for arbitration, which are set forth in Rule 15 of the Supreme Court's Rules of Superintendence for Courts of Common Pleas. These rules are procedural and do not affect one's substantive rights, such as jurisdiction. *Kuenzer* v. *Teamsters Union Local 507* (1981), 66 Ohio St. 2d 201, 203 [20 O.O.3d 205]; Section 5, Article IV, Ohio Constitution; Civ. R. 82 and 83. Since the authority for referring cases to arbitration comes from these rules, and since these rules are procedural, the trial court's jurisdiction over the case was not affected. Thus, the thirty-day requirement for filing an appeal from an arbitration award must be procedural, not jurisdictional. See, generally, *Richardson Brothers, Inc.* v. *Dave's Towing Service* (1983), 14 Ohio App. 3d 1; and *McKinnis* v. *Stropes* (App. 1980), 19 O. O. 3d 344. Accordingly, the trial court erred in ruling it lacked jurisdiction over this case due to the late filing of the notice of appeal.

This court has previously held that the failure to comply with the procedural requirements for appealing an arbitration award is grounds for dismissal. This decision is within the trial court's discretion. However, by erroneously ruling that the thirty-day time period was jurisdictional, the trial court never exercised its discretion in this case. Accordingly, this case must be remanded for that purpose. *White* v. *Evans* (Feb. 1, 1984), Summit App. No.

11256, unreported. Thus, this assignment of error is well-taken.

### Assignment of Error 2

"It is error for the trial court to deny leave to file a notice of appeal instanter from an award of arbitrators, when the award of said arbitrators had not been rendered to judgment prior to filing for leave instanter."

The record reveals that the arbitration award in this case was rendered on December 2, 1983. Under Loc. R. 20, this constituted the judgment for purposes of appeal to the trial court. Accordingly, this assignment of error is overruled.

The judgment of the trial court is reversed. This case is remanded for proceedings consistent with the law and this opinion.

*Judgment reversed*
*and case remanded.*

BAIRD, P.J., and CASTLE, J., concur.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.