LONGHAUSER ET AL., APPELLEES, *v.* BEATTY, INC., APPELLANT.

(No. CA88-06-048—Decided
December 27, 1988.)

*Charles T. Lester, Jr.*, for appellees.

*Cobb & Oldfield* and *David E. Davidson*, for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Clermont County.

Plaintiffs-appellees, Clarence and Rosemary Longhauser, agreed to purchase a non-navigable tugboat from defendant-appellant, Beatty, Inc., for $15,000. A dispute arose, however, when appellant billed appellees $24,146.64 for the removal of certain scrap materials and repairs that it had agreed to complete prior to delivery of the boat. Appellees claimed that the scrap removal and repair work were included in the purchase price. Appellant, on the other hand, contended that the scrap removal and repair work were to be billed separately.

On March 31, 1987, appellees filed a breach of contract action praying for damages and delivery of the tugboat. Appellant answered and filed a counterclaim for compensation for the scrap removal and repair work. The trial court submitted the matter to arbitration. On March 11, 1988, the arbitrators issued a report awarding appellees the purchase price of $15,000. Appellant's counterclaim was dismissed on the ground that there had been no "meeting of minds" on the issues raised therein.

On April 15, 1988, appellant filed a motion requesting leave to file an appeal from the arbitrators' decision beyond the thirty-day limit of C.P. Sup. R. 15(D). The trial court denied the motion and entered judgment on the arbitrators' report. Appellant then brought the instant appeal and set forth two assignments of error for our review.

First Assignment of Error

"Time for appeal from arbitration award may be extended within the court's discretion."

Second Assignment of Error

"The trial court filed [*sic*] to provide complete relief."

Appellant's first assignment of error as phrased sets forth a correct proposition of law. The thirty-day requirement of C.P. Sup. R. 15(D) for filing an appeal from an arbitration award is a procedural rule that does not affect the trial court's jurisdiction. *Was* v. *A.J.L.S., Inc.* (1985), 21 Ohio App. 3d 280, 281, 21 OBR 352, 353, 487 N.E. 2d 918, 919. Thus, where a party fails to timely appeal an arbitration award, the common pleas court may, within its discretion, extend the thirty-day limit or dismiss the matter for failure to comply with the procedural requirements for filing the appeal. *Id.* In either event, the court's

decision will not be disturbed absent a showing that the court abused its discretion.

In the case at bar, counsel for appellant attached an affidavit to the motion for leave to appeal and stated that no appeal had been filed within the thirty-day limit due to inadvertence and oversight. Inadvertence and oversight, however, do not constitute the type of excusable neglect which would justify departure from the procedural guidelines of C.P. Sup. R. 15(D). Accordingly, we find no abuse of discretion on the part of the trial court. Having found no abuse of discretion, we must overrule appellant's first assignment of error, even though it phrases a correct proposition of law.

In its second assignment of error appellant claims that the trial court failed to provide complete relief because it did not expressly provide for disposition of the boat. We disagree. Although the arbitrators' report did not specifically mention the boat, it is clear that appellees could not be awarded the purchase price *and* title to the boat. Thus, implicit in the report is a finding that appellant retain title to the boat, which had remained in its possession throughout the proceedings. This conclusion is supported by the following statement by counsel for appellees when asked at the motion hearing whether he had anything to say regarding disposition of the boat:

"I don't disagree that the boat should go to the defendants [*sic*]. I think the arbitrators found that, and there was no contract, and the sale is not valid and the boat should belong to the defendants [*sic*], and I have no problem with that."

Under the circumstances, we conclude that complete relief was afforded all parties. Appellant's second assignment of error is overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., KOEHLER and YOUNG, JJ., concur.