OPINION
Defendant-appellant, Margaret H. Hairston, appeals from a judgment of the Franklin County Court of Common Pleas denying appellant's motion for leave to amend her notice of appeal and letting stand the judgment entry of October 14, 1999, adopting an arbitration report and awarding plaintiff-appellee, Chad A. Spears, a judgment of $18,500.
This matter arose out of an incident on February 13, 1998, whereby appellee was bit by a dog in the control of appellant. Appellee filed a complaint on July 21, 1998, arguing that appellant was strictly liable for the dog bite and seeking damages. The matter was referred for arbitration pursuant to Loc.R. 103 of the Court of Common Pleas of Franklin County, General Division. The arbitration was held on September 8, 1999. The arbitration report and award was filed on September 10, 1999, with the majority of the arbitrators finding for appellee and awarding appellee $18,500.
Appellant filed an appeal from the arbitration award on October 7, 1999; however, the appeal did not contain an affidavit indicating that the appeal was not taken for delay, as required by Loc.R. 103.14(A)(1)(a). On October 14, 1999, the trial court issued a judgment entry awarding appellee $18,500 based upon the arbitration report and award. Appellant filed a motion for leave to file an amended appeal on October 22, 1999, and attached the affidavit and a receipt indicating that appellant had paid the appeal fees as required by Loc.R. 103.14(A)(1)(a) and (b). On November 12, 1999, the trial court issued an entry denying appellant's motion for leave to amend the notice of appeal and letting stand the judgment entry of October 14, 1999, because appellant had failed to comply with the requirements of Loc.R. 103. Appellant filed a notice of appeal on November 15, 1999.
On appeal, appellant asserts one assignment of error:
 THE TRIAL COURT ERRED IN AFFIRMING THE REPORT AND RECOMENDATION OF THE ARBITRATION PANEL AND IN DENYING PLAINTIFF-APPELLANT'S MOTION FOR LEAVE TO AMEND HER NOTICE OF APPEAL FROM THE ARBITRATION REPORT AND AWARD.
In appellant's single assignment of error, she argues that the trial court erred by adopting the arbitration report and by denying her motion for leave to amend her notice of appeal from the arbitration award. We disagree.
Appellant concedes that she failed to file the affidavit as required by Loc.R. 103.14, but she argues that local rules are merely procedural in nature and should not be rigidly applied. Additionally, she argues that she substantially complied since the purpose behind the affidavit under Loc.R. 103.14(A)(1)(a) is identical to the purpose of an attorney's signature on a pleading, which, under Civ.R. 11, is a certification that it is not interposed for delay. Appellee argues that the rule is mandatory because it is required by the Supreme Court of Ohio in C.P.Sup.R. 15(A)(2)(d)(i) and that the trial court did not abuse its discretion by denying the motion for leave to amend appellant's appeal.
This court, in considering the same local rule at issue in this case and prior versions thereof, has held that the local rule is merely procedural and that the fact that a party misses the thirty-day limitation for filing an appeal from an arbitration award does not deny the trial court jurisdiction to consider the appeal. Enyart v. Columbus Metropolitan Area Community ActionOrganization (Sept. 6, 1994), Franklin App. No. 93APE12-1658, unreported; Riffle v. Grange Mut. Cas. Co. (Mar. 7, 1985), Franklin App. No. 84AP-1025, unreported; Cole v. Central OhioTransit Auth. (1984), 20 Ohio App.3d 312. Although the appeal requirements of the local rule are mandated by the Ohio Supreme Court in C.P.Sup.R. 15, other Ohio appellate courts have held that the Rules of Superintendence are also merely procedural and not jurisdictional. Longhauser v. Beatty (1988), 55 Ohio App.3d 215,216 (12th District); Was v. A.J.L.S., Inc. (1985), 21 Ohio App.3d 280,281 (9th District). Thus, appellant's failure to file the affidavit with the notice of appeal did not deprive the trial court of jurisdiction to consider the appeal from the arbitration report.
In Riffle, the plaintiff did not file an appeal from the arbitration report within the thirty-day time period, but she later filed a motion to extend the time for appeal, arguing that she had not received a copy of the arbitration report until after the thirty-day period. The trial court entered judgment in accordance with the arbitration report, and the plaintiff appealed, arguing that the trial court erred by entering judgment when she had not received notice of the filing of the arbitration award. On appeal, this court overruled her assignment of error but indicated that the time for filing an appeal from an arbitration award under the local rule could be extended by filing a motion for relief from judgment under Civ.R. 60(B) for good cause shown. This court noted that the plaintiff in Riffle had filed a Civ.R. 60(B) motion with the trial court and that the trial court should consider her failure to receive notice in ruling on that motion.
In Longhauser, the Twelfth District stated that, "where a party fails to timely appeal an arbitration award, the common pleas court may, within its discretion, extend the thirty-day limit or dismiss the matter for failure to comply with the procedural requirements for filing the appeal." Longhauser, at 216. The court noted that the trial court's decision to extend the time limit or to dismiss would not be reversed absent an abuse of discretion. Id. at 217. The court found that inadvertence and oversight was not the kind of excusable neglect that would allow a "departure from the procedural guidelines of C.P. Sup.R. 15(D)."Id. Thus, the court concluded that the trial court did not abuse its discretion by denying a motion to file an appeal after the thirty-day limit and by entering judgment on the arbitration report. Id.
Here, appellant did not file a Civ.R. 60(B) motion as inRiffle that would have allowed the trial court to extend the time for filing the appeal from the arbitration report if appellant demonstrated good cause for the delay. Moreover, appellant did not provide the trial court with any explanation as to why she did not comply with the local rule within the thirty-day limitation. Thus, we cannot conclude that the trial court abused its discretion by denying the motion for leave to amend the appeal and by entering judgment based upon the arbitration report. Consequently, appellant's single assignment of error is overruled.
Based upon the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
GEORGE, J., retired, of the Ninth Appellant District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.