OPINION
Plaintiffs-appellants, Barendra and Smita Mallik, appeal the decision of the trial court dismissing their appeal of an arbitration verdict in favor of defendants-appellees, Jeff Wyler Fairfield, Inc. and Nissan North America, Inc. ("Nissan"), and denying them relief from judgment. We affirm the decision of the trial court.
Appellants filed a complaint in the Butler County Court of Common Pleas in which they alleged Jeff Wyler Fairfield, Inc. violated Ohio's Consumer Sales Practices Act and Nissan violated Ohio's "lemon law." The trial court referred the case to arbitration in accordance with the local rules of the court.
Appellants presented their case to a three-member arbitration panel on February 28, 2000. The arbitration panel filed an "Arbitration Report and Award" on March 1, 2000 and entered a verdict for appellees. The arbitration report and award stated that the verdict of the arbitration panel would constitute the final judgment of the trial court unless a party filed an appeal within thirty days. No party filed an appeal within thirty days. Therefore, the arbitration verdict in favor of appellees became the final judgment of the trial court on March 31, 2000.
Appellants filed a notice of appeal on April 4, 2000. Nissan moved the trial court to dismiss appellants' appeal on the basis that it was untimely filed. The trial court dismissed appellants' appeal.
Appellants moved the trial court for relief from judgment pursuant to Civ.R. 60(B). In support of their motion, appellants alleged that their appeal was timely filed because their attorney, Robert F. Croskery, mailed the notice of appeal on March 30, 2000 and "[i]n the past, regular mail has been routinely received the next business day." Croskery's secretary, in an accompanying affidavit, stated that she prepared and mailed the notice of appeal on March 30, 2000 believing that it would be delivered to the clerk of courts the very next day because she regularly had seen "items routinely file stamped on the day after mailing." She did not prepare or mail the notice of appeal sooner because she was on jury duty during the month of March and, as a result, she was out of the office for four days.
The trial court denied appellants relief from judgment. The trial court concluded that appellants failed to establish that their underlying claim was meritorious or that their failure to timely appeal the arbitrators' verdict was excusable.
Appellants appeal the decision of the trial court dismissing their appeal of the arbitration verdict and denying them relief from judgment. Appellants present for review two assignments of error.
In their first assignment of error, appellants contend that the trial court erred by dismissing as untimely their appeal of the arbitration verdict. Appellants argue that the arbitration report and award was not appealable because it did not bear the caption "Final Appealable Order" in "violation of [Loc.R.] 3.15(e)." Appellants also assert that the trial court should not have dismissed their appeal because the trial court failed to enter a subsequent separate judgment affirming the arbitration verdict. Appellants further maintain that the trial court erred in concluding that their notice of appeal was untimely since they timely mailed the appeal and the clerk of courts accepted payment of the filing fee.
Sections 5(A)(1) and (B), Article IV, of the Ohio Constitution give the supreme court general superintendence and oversight over all courts in Ohio and empower the supreme court to promulgate all court rules of practice and procedure. Pursuant to this power, the supreme court has promulgated the Civil, Criminal, Appellate, and Juvenile Court Rules of Procedure, the Rules of Evidence, and the Rules of Superintendence. Courts "may adopt additional rules concerning local practice in their respective courts which are not inconsistent with the rules promulgated by the supreme court." Section 5(B) of the Ohio Constitution; see, also, Sup.R. 5(A) (permitting the adoption of local rules of practice that are not inconsistent with rules promulgated by the supreme court).
Rule 15(A) of the Rules of Superintendence for the Courts of Ohio specifically permits courts to adopt a plan for mandatory arbitration of civil cases, but mandates that such plans shall include certain basic principles. One basic principle is that an arbitrator's report and award "shall be final and have the legal effect of a verdict upon which judgment shall be entered by the court." Sup.R. 15(A)(2)(c). In addition, any party who participates in a mandatory arbitration must have the ability to request a de novo review of an arbitrator's verdict. Sup.R. 15(A)(2)(d) states in relevant part:
 Any party may appeal the award to the court if, within thirty days after the filing of the award with the clerk of court, the party does both of the following:
 (i) Files a notice of appeal with the clerk of courts and serves a copy on the adverse party or parties accompanied by an affidavit that the appeal is not being taken for delay;
 (ii) Reimburses the county or municipal corporation for all fees paid to the arbitrator or arbitrators in the case or pays the fees directly to the arbitrator or arbitrators, unless otherwise directed by the court.
All appeals shall be de novo proceedings at which members of the deciding board or the single arbitrator are barred as witnesses.
In accordance with Sup.R. 5 and 15, the Butler County Common Pleas Court adopted Loc.R. 4.1 for compulsory nonbinding arbitration of civil cases and Loc.R. 4.011 for compulsory nonbinding arbitration of cases containing a claim for relief under Ohio's "lemon law." Loc.R. 4.1(k) describes the legal effect of an arbitrator's report and award, and the trial court's entry of final judgment in the case:
 The report and award unless appealed from as herein provided shall be final and shall have the attributes and legal effect of a verdict.
 The court shall at the time of the filing of the decision of the arbitrators enter judgment in accordance with the report and award, which judgment shall become effective after thirty (30) days from filing. After the effective date of such judgment, execution process may be issued as in the case of other judgments.
Loc.R. 4.1(o) provides that a party may appeal an arbitrator's verdict, but that right of appeal
 shall be subject to the following conditions all of which shall be completed within thirty (30) days after the entry of the award of the Board on the docket in the office of the Clerk of Courts.
 (1) The appellant shall pay an appeal fee of Thirty-five Dollars ($35.00) to the Clerk of Courts and shall file with the Clerk and the arbitration commissioner a notice of appeal ACCOMPANIED BY AN AFFIDAVIT THAT THE APPEAL IS NOT BEING TAKEN FOR DELAY. A copy of such instruments shall be served upon opposing parties or their counsel.
 (2) In addition to (1), the appellant shall first repay to Butler County, Ohio, by depositing with the Clerk of Courts all fees received by the members of the Panel of Arbitration in the case in which the appeal is taken * * *. (Emphasis sic.)
The local rules adopted by the Butler County Court of Common Pleas regarding the final judgment and appeal of an arbitrator's verdict are consistent with Sup.R. 15. According to Section 5(B), Article IV, of the Ohio Constitution and Sup.R. 5(A), these local rules are valid and are therefore binding on litigants before the Butler County Court of Common Pleas.
According to both Sup.R. 15 and Loc.R. 4.1(k) and (o), an arbitrator's report and award, unless appealed within thirty days, is final and has the legal effect of a verdict upon which the court must enter judgment. In this case, the trial court signed a judgment entry attached to the arbitration report and award that approved the verdict of the arbitration panel. In accordance with Loc.R. 4.1(k), the judgment entry stated that, absent a timely appeal, the arbitration verdict would become the judgment of the court. There is no requirement for the trial court to enter a separate judgment on the record at the expiration of the appeal period. See L.T.M. Builders Co. v. Jefferson (1980), 61 Ohio St.2d 91, 95, 96
(holding that the Civil Rules do not require judgments of the trial court to be set forth on separate documents). Thus, the trial court did not err by failing to enter a subsequent separate judgment entry affirming the arbitration verdict. Further, appellants fail to demonstrate what effect a separate entry would have upon the appeal process since an arbitration verdict does not become the trial court's final judgment until after the expiration of the thirty-day time period to file an appeal.
Similarly, Sup.R. 15 and the Local Rules of the Butler County Court of Common Pleas governing compulsory nonbinding arbitration do not require the trial court to label an arbitration report and award as a "final appealable order." Contrary to appellants' assertion, Loc.R. 3.15(e) does not mandate that the trial court label an arbitration report and award as a final appealable order. Loc.R. 3.15(e) only addresses judgments and orders of the trial court that are appealable to a court of higher authority than the common pleas court.[1] The purpose of Loc.R. 3.15(e) is to assist the clerk of courts in identifying final appealable orders so that the clerk can send notice of their filing to the parties since the time to file an appeal begins on the date when the clerk enters the court's judgment on the journal. See Civ.R. 58; App.R. 4(A). An "arbitration report and award" is not a final appealable order when filed. It does not become a final appealable order until thirty days have passed and it becomes the judgment of the trial court.
Moreover, appellants' argument is merely semantic because the trial court's judgment entry attached to the arbitration report and award states:
 The verdict of the arbitration panel is hereby approved. Unless an appeal is filed within 30 (thirty) days of the filing of the arbitration award, the verdict of the arbitration panel shall constitute the judgment of the court in this matter.
In addition, the trial court's initial notice of arbitration to the parties urged them to "review the Rules for Compulsory Arbitration" where the thirty-day time limit to appeal an arbitration report and award is clearly set forth. Appellants had actual and constructive notice of the procedure to appeal an arbitration verdict and simply failed to file their appeal on time.
Appellants argue that they did timely file their appeal of the arbitration verdict since they "mailed" the notice of appeal on time and the clerk accepted payment of the filing fee. A common pleas court has the discretion to extend the thirty-day limit to file an appeal from an arbitration verdict or may dismiss the matter for failure to comply with the procedural requirements for filing an appeal. Longhauser v. Beatty,Inc. (1988), 55 Ohio App.3d 215, 216. In either event, an appellate court will not reverse the trial court's decision absent an abuse of discretion. Id. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1993),5 Ohio St.3d 217, 218-219.
Appellants failed to comply with all of the procedural requirements for filing an appeal of an arbitration verdict. Appellants apparently paid the requisite filing fee, but they did not file their notice of appeal on time. Sup.R. 15(A)(2)(d) and Loc.R. 4.1(o) require a party seeking a denovo review of an arbitration verdict to file a notice of appeal with the clerk of courts within thirty days, not merely mail or send the notice. Although the "mailbox rule" may apply to contract issues in Ohio, it has no application to the jurisdictional requirement of filing an appeal with a court.[2] See, e.g., Frasca v. State Board of Chiropractic Examiners
(July 30, 1998), Franklin App. No. 97APE10-1387, unreported;Robinson-Minton v. Allied Signal, Inc. (Mar. 29, 1996), Darke App. No. 1384, unreported. Nor should a "mailbox rule" apply to an appeal of an arbitration verdict. Therefore, we hold that the trial court did not abuse its discretion by dismissing appellants' appeal.
Accordingly, appellants' first assignment of error is overruled.
In their second assignment of error, appellants argue that the trial court erred by overruling their Civ.R. 60(B) motion for relief from judgment. Appellants maintain that they "clearly" demonstrated excusable neglect because they mailed their notice of appeal "the day before it was due" and it was "simply * * * not timely received."
Civ.R. 60(B) provides in relevant part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * * (4) the judgment has been satisfied, released or discharged * * *; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken * * *.
Civ.R. 60(B) represents a balance between "the legal principle that there should be finality in every case, so that once a judgment is entered it should not be disturbed, and the requirements of fairness and justice, that given the proper circumstances, some final judgments should be reopened." Advance Mortgage Corp. v. Novak (1977), 53 Ohio App.2d 289,291.
To prevail on a motion brought under Civ.R. 60(B), the moving party must demonstrate that:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The moving party must establish all three requirements for the motion to be granted. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20.
The decision whether to grant relief from judgment is within the sound discretion of the trial court. Id. An appellate court will not disturb the decision of the trial court with respect to a Civ.R. 60(B) motion absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75,77.
Appellants argue that they are entitled to relief from judgment under Civ.R. 60(B)(1). Appellants assert claims that appellees violated the Ohio's Consumer Sales Practices Act and Ohio's "lemon law." If appellants can prove any of these allegations, appellants would have a meritorious claim. Under Civ.R. 60(B), a movant's burden is only to allege that he has a meritorious claim or defense, not to prove that the claim or defense will prevail should a retrial occur. Rose Chevrolet,36 Ohio St.3d at 20; Moore v. Emmanuel Family Training Ctr. (1985),18 Ohio St.3d 64, 67. Appellants filed their Civ.R. 60(B) motion on April 14, 2000, only fourteen days after the arbitration verdict became the final judgment of the trial court. There is no dispute that appellants filed their motion within a reasonable time. Therefore, to prevail under Civ.R. 60(B), appellants must demonstrate that they are entitled to relief as a result of excusable neglect.
Appellants claim that their failure to timely file their notice of appeal is a matter of excusable neglect. Their attorney's secretary was out of the office four days on jury duty during the month of March, causing her to become "overburdened in catching up." She mailed the notice of appeal the day before it was due; it just was not timely received. Appellants note that the secretary's past experience led her to believe that documents she mailed to the clerk of the Butler County Court of Common Pleas were received the day after she mailed them.
Generally, the determination of whether conduct constitutes "excusable neglect" involves considering all of the surrounding facts and circumstances and balancing the need for finality of judgments with the interests of fairness and justice. Rose Chevrolet, 36 Ohio St.3d at 21;Colley v. Bazell (1980), 64 Ohio St.2d 243, 249. Conduct which "reveals a complete disregard for the judicial system and the rights of the [other party]" is not excusable neglect. GTE, 47 Ohio St.2d at 153. As a general principle, the neglect of a party's attorney is imputed to the party for purposes of Civ.R. 60(B)(1). GTE, 47 Ohio St.2d at paragraph four of the syllabus.
Civ.R. 60(B) should not "serve as an emasculation of the pleading rules and time limits" under the title of "excusable neglect." Rajan,33 Ohio St.3d at 79; Brown v. Akron Beacon Journal Publishing Co. (1991),81 Ohio App.3d 135, 140. Thus, it is not excusable neglect for a party to fail to be certain that the court receives a pleading in a timely manner, even where that party claims to have sent the pleading prior to the filing deadline. Lebanon Auto Parts v. Dracakis (Apr. 17, 2000), Warren App. No. CA99-09-110, unreported. An attorney's failure to appeal an arbitration award within the time set forth in local rules due to the attorney's reliance on another attorney's misrepresentations and failure to consult the local rules is not excusable neglect. Kohake v.Briggeman (Aug. 17, 1992), Clermont App. No. CA92-01-012, unreported.
Similarly, appellants' failure to timely file their notice of appeal in this case is not excusable neglect. Appellants' admission that their attorney waited until the day before the deadline to mail the notice of appeal to the court on the assumption that it would arrive in a timely manner is admission of neglect and disregard for the rights of appellees, but not excusable neglect. To hold otherwise would effectively emasculate the time limits of the Local Rules of the Butler County Common Pleas Court and authorize parties to ignore them. Appellants had an opportunity to litigate their claims fully before a panel of three arbitrators, and then appeal that decision to the trial court, but they neglected to do so in accordance with Loc.R. 4.1(o). The balance between the need for finality of judgments and the interests of fairness and justice in this case weighs in favor of appellees.
Therefore, we hold that the trial court did not abuse its discretion by denying appellants relief from judgment. Appellants' second assignment of error is overruled.
 __________________________ POWELL, P.J.
YOUNG and VALEN, JJ., concur.
[1] Loc.R. 3.15(e) of the Court of Common Pleas of Butler County, General Division, states:
 All final appealable judgments or orders shall state in the caption "Final Appealable Judgment/Order." This will enable the Clerk of Courts to identify final appealable judgments or orders and send notice of their filing as directed by the Supreme Court in Civil Rule 58(B).
 Counsel shall furnish to the Clerk of Courts the name and address of all counsel and/or parties entitled to notice of the filing of a final appealable judgment/order.
[2] In contract law, the "mailbox rule" generally provides that acceptance of an offer is effective when it is deposited into the possession of the postal service. 1 Perillo, Corbin on Contracts (1993), Section 3.24.