DECISION AND JOURNAL ENTRY
CARR, Judge.
Appellant-defendant Boardwalk Fries, Inc. appeals an order of the Lorain County Court of Common Pleas granting summary judgment to Elyria Joint Venture. This Court affirms.
 I.
On February 20, 1990, Boardwalk Fries signed a lease agreement with Elyria Joint Venture to occupy space in the Midway Mall in Elyria. Boardwalk Fries never occupied the leased space. Litigation ensued. On November 15, 1990, Elyria Joint Venture sued to collects rents and liquidated damages pursuant to the lease agreement. On May 20, 1992, Elyria Joint Venture moved for summary judgment. Shortly thereafter, Boardwalk Fries opposed the motion, and filed a motion for summary judgment of its own.
On March 10, 1999, the trial court (at that point a different judge) entered a journal entry granting summary judgment to Elyria Joint Venture, awarding back rent and liquidated damages as a matter of law.
Boardwalk Fries now appeals, asserting five assignments of error.
 II.
FIRST ASSIGNMENT OF ERROR
 THE COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR THE AMOUNT OF $132,595.28 REPRESENTING ALL RENT AND LIQUIDATED DAMAGES DEMANDED BY PLAINTIFF THROUGH JULY, 1992, WHERE THE COURT THEREBY DETERMINED THAT THERE IS NO GENUINE ISSUE OF MATERIAL FACT AND THAT THE MOVING PARTY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW FIAILING [sic] TO CONSIDER THE ISSUE OF MITIGATION.
 In their first assignment of error, Boardwalk Fries argues that the trial court erred when it granted summary judgment in favor of Elyria Joint Venture. Specifically, Boardwalk Fries contends that there was a genuine issue of material fact as to a lease provision for the mitigation of damages. This Court disagrees.
Because only legal questions are involved, an appellate court will not afford a trial court any special deference when reviewing an entry of summary judgment. Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180. Rather, the appellate court will apply the same standard used by the trial court, Klingshirn, supra, at 180, citingPerkins v. Lavin (1994), 98 Ohio App.3d 378, 381, and will review the matter de novo. Id. at 180, citing Tyler v. Kelley (1994),98 Ohio App.3d 444, 446.
Civ.R. 56(C) provides that summary judgment may be granted only when a court is satisfied that there is no genuine issue as to any material facts, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion that, even viewing the evidence most strongly in favor of the nonmoving party, is adverse to the nonmoving party. State ex rel. Leigh v. State Emp.Relations (1996), 76 Ohio St.3d 143, 144. The substantive law involved controls which facts are considered material; those factual disputes that have the potential to affect the outcome of a lawsuit are material and would preclude summary judgment, while factual disputes that cannot affect the outcome are deemed irrelevant and will not affect summary judgment. Orndorff v. Aldi, Inc. (1996), 115 Ohio App.3d 632, 635, citing Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248,91 L.Ed.2d 202, 211.
This Court has previously noted:
 A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. As a result, a moving party is entitled to judgment as a matter of law where the nonmoving party failed to come forth with evidence of specific facts on an essential element of the case with respect to which he has the burden of proof.
 Black v. Cosentino (1996), 117 Ohio App.3d 40, 43
citing Celotex Corp. v. Catrett (1986), 477 U.S. 317, 323, 91 L.Ed.2d 265, 273. The Ohio Supreme Court has explained the burden allocation involved for moving and nonmoving parties:
 [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. (Emphasis deleted.)
Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
The crux of Boardwalk Fries argument is that there was an issue of material fact regarding whether Elyria Joint Venture made reasonable attempts to mitigate damages. However, the record reveals that Boardwalk Fries offered no evidence to counter the evidence offered by Elyria Joint Venture in mitigation of damages, namely advertising and making cold calls in an effort to gain a new tenant. Since Boardwalk Fries offered no evidence in mitigation of damages, it failed to meet its Dresher
burden. Accordingly, the trial court properly entered summary judgment on behalf of Elyria Joint Venture.
Boardwalk Fries first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE COURT ERRED IN ITS SUMMARY JUDGMENT WHEREIN IT FAILED TO STATE IT'S [sic] BASIS FOR OPINION THAT THERE IS NO ISSUE AS TO FACTS WHERE REASONABLE MINDS COULD DIFFER IN THE DETERMINATION HEREIN.
 In its second assignment of error, Boardwalk Fries claims the trial court's order granting summary judgment was impermissibly barren of a supporting rationale. This Court disagrees.
Findings of fact and conclusions of law are not required in summary judgment motions brought pursuant to Civ.R. 56. See Civ.R. 52. Upon review of the judgment entry of the trial court, this Court finds that it disposed of the issues raised by the parties. Accordingly, Boardwalk Fries second assignment of error is summarily overruled.
THIRD ASSIGNMENT OF ERROR
 THE COURT ERRED WHERE THE COURT'S JUDGMENT DID NOT GRANT PLAINTIFF'S SUMMARY JUDGMENT IN TOTAL AND INDICATED THAT IT DENIED DEFENDANT'S MOTION FOR SUMMARY JUDGMENT HOWEVER, THE COURT GRANTED SUMMARY JUDGMENT FOR RENT, LIQUIDATED DAMAGES AND NOT ATTORNEY FEES, AND FOUND THE MATTER TO BE CLOSED.
 In its third assignment of error, Boardwalk Fries argues that the order of summary judgment entered by the trial court was an incomplete order. This Court disagrees.
 In a cryptic fashion, Boardwalk Fries fails to allege with specificitythe issue that remained to be resolved by the trial court. BoardwalkFries also fails to point out the portion of the record supporting itsclaim. "It is the duty of the appellant, not this court, to demonstratehis assigned error through an argument that is supported by citations tolegal authority and facts in the record. See App.R. 16(A)(7)."(Emphasis added.) State v. Taylor (Feb. 9, 1999), Medina App. No. 2783-M, unreported. It is not the duty of this Court to guess at undeveloped claims on appeal.
Moreover, upon review of the record, this Court finds that the issues raised by the parties' motions for summary judgment were resolved by the trial court's order. See Davison v. Rini (1996), 115 Ohio App.3d 688,693 (holding that summary judgment that disposes of all issues raised is a final appealable order).
Boardwalk Fries' third assignment of error is overruled.
FOURTH ASSIGNMENT OF ERROR
 THE COURT ERRED IN FAILING TO NOTIFY THE PARTIES PURSUANT TO THE APPLICABLE RULES OF SUPERINTENDENCE AND RULING MARCH 10, 1999, ON A MOTION FILED ON FEBRUARY 10, 1993.
FIFTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN MAKING ITS DECISION SIX (6) YEARS AFTER THE FILING OF THE MOTIONS FOR SUMMARY JUDGMENT WITHOUT NOTIFICATION OF ACTION IN THE CASE, WHERE THE DEFENDANT'S PRIMARY OHIO ATTORNEY WAS PERMITTED TO RESIGN, WHERE THE COURT ERRONEOUSLY PLACED AN INCORRECT ADDRESS REPRESENTING AN INCORRECT SERVICE TO A SIMILAR NAMED ATTORNEY AND FURTHER WHERE MANY PARTIES AND ATTORNEYS TO THE CASE WERE NOT AVAILABLE AT ADDRESSES INDICATED.
 The foregoing assignments of error are treated together as they raise similar issues of law and fact.
In its fourth and fifth assignments of error, Boardwalk Fries argues that violation of the Rules of Superintendence render the trial court's order invalid. This Court disagrees.
This Court has previously held that the Rules of Superintendence do not accord rights unto the parties. Esber v. Esber (1989), 63 Ohio App.3d 394,397 (superceded by statute on other grounds). Rules of Superintendence are merely procedural and not jurisdictional. Longhauser v. Beatty
(1988), 55 Ohio App.3d 215, 216.
Sup.R. 40 provides that a trial court shall rule on motions within one hundred and twenty days of their being filed. Here, the trial court (by two different judges) took a little over six years to resolve the pending motions. Despite the excessive delay in the ultimate ruling in this case, Sup.R. 40 does not create a remedy for the parties. See, generally, Esber and Longhauser, supra. Accordingly, Boardwalk Fries' fourth and fifth assignments of error are overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 ___________________________ DONNA J. CARR
SLABY, P. J., WHITMORE, J., CONCUR.