JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Lewis G. Robinson appeals, pro se from a decision of the Shaker Heights Municipal Court finding him guilty of the operation of an unsafe motor vehicle. On appeal, he claims the City failed to list the specific elements of the offense he was charged with; that the City's local ordinance defining what an unsafe vehicle is in conflict with the Ohio Revised Code; and that the trial court abused its discretion by not granting him a continuance of the trial. After careful review, we reject these contentions and affirm the judgment of the trial court.
The record presented to us on appeal reveals that on January 29, 2000, at 12:45 p.m., Robinson was stopped by Patrolman Eric Conwell of the Shaker Heights Police Department for failing to stop at a stop sign, speeding, having a broken tail-light and a loud muffler. Robinson was ultimately cited for operation of an unsafe motor vehicle in violation of S1137.01(a) of the Codified Ordinances of the City of Shaker Heights.
On April 28, 2000, Robinson pled not guilty. Shortly thereafter, Robinson moved to dismiss the citation arguing that any defect must be visible upon casual observation or revealed through a safety inspector and that the traffic citation failed to designate any specific defect to be corrected by him. This motion was denied by the court.
On June 19, 2000, the day of trial, Robinson appeared and asked for a continuance. This request was denied by the court. After the bench trial, Robinson was found guilty and required to pay a fine and court costs. Robinson now appeals his conviction and raises three assignments of error for our review.
 I. THE PROSECUTION FAILED TO STATE A SPECIFIC MISDEMEANOR FOR WHICH APPELLANT WAS PROSECUTED AND FOUND GUILTY AND WAS AT A LOSS HOW TO MAKE PREPARATION FOR HIS DEFENSE.
In the first assignment of error, Robinson contends that the police officer failed to comply with R.C. S2935.26(B) because the traffic citation failed to state a specific misdemeanor for which he was prosecuted. Robinson contends that this failure hindered his ability to adequately prepare for his defense. The City maintains that the Ohio Traffic Rules, and not R.C. S2935.26(B), apply to the issuance of traffic citations and that pursuant to the Ohio Traffic Rules, a police officer is not required to list all of the elements of an offense when issuing a uniform traffic citation. The issue here concerns whether the police officer was required to specifically list in the traffic citation why Robinson was being cited for the operation of an unsafe vehicle.
In Ohio, the Ohio Uniform Traffic Rules govern the issuance of all traffic citations.[1] Pursuant to these rules, a police officer is not required to list all of the elements of an offense when issuing a traffic citation. Cleveland v. Austin (1978), 55 Ohio App.3d 215, 220. Indeed, to expect the officer to recite the law completely, refer to the ordinance involved, as well as describe the result of the offense such as an accident, so that the court has all the facts, places an onerous burden on the enforcement agency, that is impractical and unnecessary. Nor is there room for all of this information in the limited space provided by the ticket. Id. It is sufficient if the ticket gives the accused notice of the offense and reference to the law under which he is charged. Id.
Here, the traffic citation issued to Robinson reads as follows:
 Operation of an Unsafe Motor Vehicle-Violation of Ord. 1137.01A
The language of this ticket is sufficient to advise Robinson of the nature and cause of the accusation against him. Id. at 221. It describes the offense, operation of an unsafe motor vehicle, and references the proper ordinance that gave rise to the citation, S1137.01(A). If Robinson required more information about the specifics of the charge against him, he could have asked the prosecution to amend the complaint to charge a more specific offense or requested that the prosecution furnish him with a bill of particulars setting out specifically the nature of the offense charged and the conduct of the defendant alleged to constitute the offense. See Barberton v. O'Connor (1985), 17 Ohio St.3d 218, 221. This would have required the prosecutor to correct any prejudicial defects in the complaint. Id. Accordingly, this assignment of error is overruled.
 II. SHAKER HEIGHTS UNSAFE VEHICLE (1137.01(A)) LAW IS UNENFORCEABLE BECAUSE THE STATE HAS PREEMPTED IT AND HAS EXCLUSIVE JURISDICTION IN THE SUPERINTENDENT OF THE STATE HIGHWAY PATROL, O.R.C. SEC. 4513.02(C) AND SEC. 119.01 TO 119.13. O.R.C. SHALL DETERMINE AND SET STANDARDS FOR ANY INSPECTION PROGRAM CONDUCTED BY A POLITICAL SUBDIVISION OF THIS STATE. SHAKER'S UNSAFE VEHICLE LAW DOES NOT CONFORM TO NOR LIST ANY STANDARDS OR DEFINITIONS LISTED IN SEC. 4513.02(B)(1) PARAGRAPH (1) PAGE 282 — STATE LAW HANDBOOK.
In the second assignment of error, Robinson contends that Shaker Heights Codified Ordinance S1137.01(a) is unenforceable because it is preempted by R.C. S4513.02(C), which gives the Superintendent of the State Highway exclusive jurisdiction to determine and set standards for any inspection program conducted by a municipality. Robinson also contends that S1137.01(a) is unconstitutionally vague and does not conform to or list any of the standards or definitions found in R.C. S4513.02(B)(1). The City maintains that S1137.01(a) is a valid exercise of the police powers of the City pursuant to Section 3 of Article XVIII of the Ohio Constitution and is not in conflict with R.C. S4513.02. The issue here is whether the City is prohibited from issuing a citation for operation of an unsafe motor vehicle because of R.C. S4513.02.
R.C. S4513.02(C) provides that the superintendent of the state highway patrol * * * shall determine and promulgate standards for any inspection programs conducted by a political subdivision of this state. Here, Robinson was not given a citation pursuant to an inspection program conducted by the City of Shaker Heights. Thus, R.C. S4513.02(C) has no relevance to the appeal before this court. Rather, Robinson was issued a traffic citation under S1137.01(a). S1137.01(a) states that no person shall drive or move, or cause or knowingly permit to be driven or moved, on any highway any vehicle or combination of vehicles which is in unsafe condition to endanger any person.
Section 3 of Article XVIII of the Ohio Constitution provides municipalities with the authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws. Thus, municipalities are permitted to adopt local regulations for police matters as long as they do not conflict with general laws. Niles v. Howard (1984), 12 Ohio St.3d 162 . The test for determining whether a conflict exists is whether or not the local ordinance permits or allows that which the statute prohibits or vice versa. Fondessy Enterprises Inc. v. City of Oregon (1986),23 Ohio St.3d 213.
Here, S1137.01(a) is identical to R.C. S4513.02(A).[2] Thus, S1137.01(a) is not in conflict with R.C. S4513.02(A) and the City is not prohibited from issuing a citation for the operation of an unsafe motor vehicle pursuant to S1137.01(a). Accordingly, this assignment of error is overruled.
 III. THE MOST EGREGIOUS ERROR WAS COMMITTED BY THE TRIAL COURT BY VIOLATING DEFENDANT'S U.S. AND OHIO CONSTITUTIONAL RIGHTS TO COUNSEL IN A CRIMINAL CASE. THE COURT'S HANDOUTS, YOUR RIGHTS AS A DEFENDANT, ARE PROMINENTLY DISPLAYED FOR ALL DEFENDANTS ON A TABLE AT THE COURT'S ENTRANCE. RIGHTS TO COUNSEL AND A REASONABLE CONTINUANCE TO OBTAIN ONE.
In the third assignment of error, Robinson contends that the trial court violated his constitutional rights by forcing him to go to trial without counsel and by failing to grant him a continuance. The City maintains that Robinson did not file a written request for a continuance, and without such a request, it was within the discretion of the trial court to deny his oral request for a continuance on the day of trial. The issues here concern whether the trial judge abused her discretion in denying Robinson's request for a continuance and whether Robinson's rights were violated because he was not represented by counsel at trial.
We begin by noting that the decision to grant or deny a motion to continue a trial lies within the discretion of the trial court and will not be reversed on appeal unless the trial court has abused its discretion. Burton v. Burton (1999), 132 Ohio App.3d 473 . An abuse of discretion is defined as a decision that is unreasonable, arbitrary or unconscionable, rather than a mere error in judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Here, Robinson did not file a written request for a continuance before the scheduled trial date. Rather, he made an oral request the day on which the trial was to proceed. Traffic R. 18 governs the granting of continuances in traffic cases and provides that Continuances shall be granted only upon a written motion which states the grounds for the requested continuance. Thus, Robinson has not demonstrated that the trial judge abused her discretion in denying the oral motion to continue.
With regard to Robinson's claim that his constitutional rights were violated because he was not represented by counsel at trial, an individual does not have the right to counsel in minor misdemeanor traffic cases. See City of Toledo v. Frazier (1967), 10 Ohio App.2d 51, 61; State v. Shew (1983), Warren App. No. CA83-04-022, unreported. Thus, we find no error in the trial court's failure to appoint counsel to represent Robinson in the case at bar. Accordingly, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Shaker Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and DYKE, J., CONCUR.
 _________________________ JAMES J. SWEENEY, JUDGE
[1] Under authority of R.C. S2935.17 and S2937.46, the Supreme Court of Ohio promulgated Uniform Traffic Rules for all courts inferior to the Court of Common Pleas effective January 1, 1969. Thus, Robinson's reliance on R.C. S2935.26(B) is misplaced since that statute applies to criminal offenses and not traffic offenses.
[2] R.C. S4513.02(A) provides that no person shall drive or move, or cause or knowingly permit to be driven or moved, on any highway any vehicle or combination of vehicles which is in such unsafe condition to endanger any person.