JOURNAL ENTRY AND OPINION
Rita Witt appeals from a $7,000 judgment of the common pleas court entered in her favor against AAA Pipe Cleaning in conformity with an arbitration award and which denied her request for additional time to find a new attorney concerning an appeal of that arbitration award. She argues to this court that the trial court abused its discretion by denying her motion to extend time and by failing to exercise its discretion to grant her request for a trial de novo. After careful review, we reject her contentions and affirm the judgment of the trial court.
The record reflects that on September 14, 1999, Witt filed a complaint in Cuyahoga County Court of Common Pleas alleging negligence against AAA Pipe Cleaning. On March 31, 2000, the trial court referred the case to arbitration. Following a hearing, on May 4, 2000, the panel of arbitrators issued its report and awarded $7,000 to Witt. On June 1st, Witt's attorney, Bradric Bryan, filed a motion to withdraw as counsel of record pursuant to her wishes. Despite the filing of his motion to withdraw, upon Witt's instruction, Bryan reached an agreement with AAA's counsel to settle the case for $10,000, which Witt orally accepted. On June 2d 2000, Witt filed a pro se hand-written motion to request time to either find another attorney or regain files to represent pro se. On June 7, 2000, the trial court held a pre-trial conference to consider Witt's motion for an extension of time.
The record reveals the following exchanges at the hearing:
 THE COURT: You can't fire an attorney on the plan that things are going to be extended because you fire an attorney. That's not how it works. The rules are still the rules. You probably should have told him then you wanted to appeal it, and he could have filed for you, and then filed a motion to withdraw, but irrespective of that —
 MR. BRYAN: If I can speak, your Honor? I had an appeal drawn up and Ms. Witt and I had discussions on whether she wanted to settle the case or appeal. I did have an appeal drawn up ready to be filed. In fact, I had one in Ms. Witts' name after the notice to withdraw was filed, and it was ready to go. Ms. Witt was going to pick it up that day, and that's when she informed me that she wanted to settle the case, and at that time we talked about, you know, that was what she wanted to do, and at that time I contacted Mr. Spellacy that afternoon and sent him a letter confirming that Ms. Witt wanted to accept the settlement. (Tr. 6-7.)
* * *
 THE COURT: The local rule requires a notice of appeal to be filed within 30 days of the judgment, and inasmuch as you indicated to Mr. Bryan that you were going to accept a $10,000 offer from the defendant, which is $3,000 over and above the arbitration award, Mr. Spellacy agreed to pay the $10,000, and we have an agreed settlement that you've backed out of.
MRS. WITT: I didn't sign anything.
 THE COURT: I know you didn't sign anything, but there is an oral contract to accept. It doesn't have to be a written contract, except in real estate. (Tr. 13.)
* * *
THE COURT: Well, Mrs. Witt, here's your choice now.
 You either accept the $10,000, a check from Mr. Spellacy's office, which you have already made a verbal agreement to accept, or I'll sign the $7,000 arbitration award because you haven't filed a timely notice of appeal. Those are your two choices. (Tr. 19.)
Following the hearing, the trial court denied Witt's motion and affirmed the arbitration award.
On appeal, Witt raised two assignments of error, which we consider together because they concern the same issues of law and fact. They state:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR AN EXTENSION OF TIME TO APPEAL FROM THE ARBITRATION AWARD AND RULING.
 II. THE TRIAL COURT ERRED IN AFFIRMING THE ARBITRATION AWARD.
Witt contends that the trial court abused its discretion by not granting her motion for an extension of time and failed to exercise its discretion to grant her a trial de novo. AAA Pipe Cleaning counters that Witt never actually filed a motion for an extension of time to appeal from the arbitration award and, even if the court construed her motion as one for an extension of time to appeal, the trial court did not abuse its discretion when it denied Witt's motion. The issue thus concerns whether the trial court abused its discretion in denying Witt's motion and affirming the arbitration award.
Local R. 29 Part VII (B) of the Court of Common Pleas of Cuyahoga County, General Division, states:
(B) Legal Effect of Report and Award; Entry of Judgment.
 The report and award, unless appealed, shall be final and shall have the attributes and legal effect of a verdict.
 If no appeal is taken within the time and in the manner specified, the Court shall enter judgment. * * *
Further, Part VIII(A)(1) states:
 * * * The right of appeal shall be subject to the following conditions, all of which shall be complied with within thirty (30) days after the entry of the award of the Board.
In Keener v. Gary Von Agency, Inc. (Nov 9, 1995), Cuyahoga App. No. 68159, unreported, we considered Loc.R. 29 and determined that when a party fails to timely appeal an arbitration award, a trial court, within its discretion, may extend the thirty-day limit or may dismiss the case. See, also, Cole v. Central Ohio Transit Auth. (1984), 20 Ohio App.3d 312; Longhauser v. Beatty, Inc. (1988), 55 Ohio App.3d 215. Thus, the question for consideration becomes whether the court abused its discretion when it denied Witt's request for an extension of time to obtain new counsel and entered the $7,000 judgment in her favor.
Furthermore, we recognize that the term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. See Blackmore v. Blackmore (1983), 5 Ohio St.3d 217.
Here, the record reveals that Witt neither filed a notice of appeal from the arbitration award nor a motion to extend the thirty-day period for filing such an appeal. The only motion before the trial court consisted of a request to find another attorney or to proceed pro se. The court, in denying her request, considered competing considerations: the duty to administer its docket, the need for fairness, and the concerns of the parties before the court. We cannot say that the court, in its determination to reject Witt's ostensible reasons for failing to file a timely appeal and denying her motion to extend time for finding new counsel, displayed an unreasonable, arbitrary, or unconscionable attitude toward any party. During oral argument before our court, counsel ably argued that the trial court did not know it could exercise discretion to extend the thirty-day limit; but the record here does not support a conclusion that the court believed it lacked jurisdiction to consider a proper request for extension of time to appeal. Rather, the court carefully considered the situation, acquainted itself with the competing interests of the parties, and clearly presented the choices available for resolution of the case. Thus, after reviewing the record and the law, we have concluded that the trial court did not abuse its discretion by denying Witt's motion. Consequently, the the trial court did not abuse its discretion when it refused to grant Witt a trial de novo.
On the basis of the foregoing, we overrule both of Witt's assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J. and ANNE L. KILBANE, J. CONCUR.