OPINION
{¶ 1} On September 27, 2000, plaintiffs-appellees, Kateryn G. Foss et al., filed a complaint against Yuchchan Wu et al., defendants-appellants, in the Franklin County Court of Common Pleas asserting a personal injury claim. On January 28, 2002, the case was submitted to arbitration. The arbitrator granted plaintiffs a $37,500 award. On February 27, 2002, plaintiffs' counsel filed a notice of appeal de novo with the trial court.
 {¶ 2} The trial judge was unaware that plaintiffs had filed a notice of appeal with the clerk of courts, and, on March 11, 2002, filed a judgment entry with the clerk of courts in the amount of $37,500, as found by the arbitrators, terminating the case.
 {¶ 3} On April 4, 2002, plaintiffs filed a motion seeking relief from judgment pursuant to Civ.R. 60(B). Defendants filed a memo in opposition. On May 1, 2002, the trial court held a hearing and on the same day, granted plaintiffs' motion for relief from judgment.
 {¶ 4} Defendants appeal, asserting the following assignments of error:
 {¶ 5} "1. It was error for the trial court to set aside the March 11, 2002 judgment.
 {¶ 6} "2. It was error for the trial court to grant Plaintiffs' motion seeking relief from judgment."
 {¶ 7} The two assignments of error are combined for discussion as they are interrelated.
 {¶ 8} The Rules of Superintendent of the Supreme Court of Ohio provide in Sup.R. 15 that judges of general divisions of courts of common pleas may adopt a plan for the mandatory arbitration of the civil cases specified eligible for arbitration within the local rules. Sup.R. 15(d) provides, as follows, pertaining to appeals:
 {¶ 9} "(d) Appeals. Any party may appeal the award to the court if, within thirty days after the filing of the award with the clerk of court, the party does both of the following:
 {¶ 10} "(i) Files a notice of appeal with the clerk of courts and serves a copy on the adverse party or parties accompanied by an affidavit that the appeal is not being taken for delay;
 {¶ 11} "(ii) Reimburses the county or municipal corporation for all fees paid to the arbitrator or arbitrators in the case or pays the fees directly to the arbitrator or arbitrators, unless otherwise directed by the court.
 {¶ 12} "All appeals shall be de novo proceedings at which members of the deciding board or the single arbitrator are barred as witnesses."
 {¶ 13} Pursuant to Sup.R. 15, the Judges of the Civil Division of the Franklin County Court of Common Pleas adopted Loc.R. 103, providing for mandatory arbitration of the case at hand. Loc.R. 103.14 provides for appeals de novo, subject to the following conditions, all of which shall be complied with within 30 days after the filing of the award with the clerk of courts:
 {¶ 14} "(1)(a) Notice of Appeal and Costs. An appellant shall file a Notice of Appeal de novo, in the office of the clerk, together with an affidavit indicating that the appeal is not being taken for delay but because the appellant believes an injustice has been done. * * *"
 {¶ 15} In this case, the notice of appeal de novo was filed by plaintiffs with the clerk's office of the Franklin County Court of Common Pleas within the 30 days permitted for filing of that appeal. However, plaintiffs failed to provide an affidavit indicating that the appeal was not being taken for the delay, but because the affiant believed an injustice has been done.
 {¶ 16} As previously noted, the trial court entered final judgment in accordance with the arbitrators' award believing that no appeal had been filed to contest the arbitrators' award.
 {¶ 17} Plaintiffs filed a timely motion for judgment notwithstanding the verdict, pursuant to Civ.R. 60(B), asserting that the award was entered in error because a timely notice of appeal had been filed within the 30-day period of time.
 {¶ 18} The trial court ordered a hearing on the Civ.R. 60(B) motion and, at the conclusion of the hearing, stated as follows:
 {¶ 19} "This Court finds that from the evidence adduced that the motion of the Plaintiffs is well taken and that this Court's Order of March 12, 2002 should be set aside.
 {¶ 20} "It is therefore, ordered that the Court's Order of March 12, 2002 terminating this case is hereby set aside and held for naught and the pending action herein is hereby reinstated."
 {¶ 21} Defendants argue that the trial court abused its discretion in granting plaintiffs' motion for relief from judgment because plaintiffs failed to carry their burden of proof of establishing excusable neglect for failure to file the required affidavit. Defendants contend that there is no evidence in the record establishing excusable neglect.
 {¶ 22} Under a Civ.R. 60(B) motion, the movant is required to meet three conditions: (1) that the movant has a meritorious defense to present if relief is granted; (2) that the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B); and (3) that the motion was timely filed. GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146.
 {¶ 23} Before this court can decide whether the trial court abused its discretion in granting relief from judgment to plaintiffs for failure to sustain its burden of proof that there was excusable neglect for failure to file the required affidavit with the notice of appeal, we need to know what evidence the trial court relied upon. In the trial court's order, the court stated that he had granted relief from judgment and reinstated the action "from the evidence adduced." According to the trial court's order, there was an evidentiary hearing upon plaintiffs' motion for relief from judgment. We have not been provided with a transcript of that hearing, so we do not know what evidence plaintiffs may have adduced to explain their failure to file the required affidavit with the notice of appeal.
 {¶ 24} The trial judge was aware that he had entered the judgment adopting the arbitrators' recommended award without knowing that a notice of appeal had been filed, albeit without a required affidavit. It was within the trial court's discretionary power to delay adopting the arbitrators' award until plaintiffs were provided an extension of time to provide the required affidavit, if, in fact, the failure to do so was within the 30-day period. Pursuant to Civ.R. 6(B)(2), the time is extendable where the failure to act was the result of excusable neglect. It is speculation on our part as to what the trial court's actual reason was, or what evidence may have been provided to the trial court to convince the trial court that the case should be reinstated. In the absence of a transcript, an appellate court must presume that the trial court made its judgment based upon sufficient evidence. That evidence may have been live testimony that the appeal was not being taken for delay, but because plaintiffs believed an injustice had been done. Since local rules of court are procedural in nature and do not operate to divest the court of jurisdiction, the trial judge had the discretionary power, if he had been aware an appeal had been timely filed, to delay ruling upon the arbitration award until it determined whether the required affidavit could be provided and whether an extension of time should be allowed to do so. See Cole v. Central Ohio Transit Auth. (1984), 20 Ohio App.3d 312.
 {¶ 25} The case of Lovins v. Kroger Co., 150 Ohio App.3d 656,2002-Ohio-6526, is clearly distinguishable. In that case, no appeal had been filed within the 30-day period, nor at any time thereafter. Instead, after losing the arbitration, plaintiffs attempted to voluntarily dismiss the action. Lovins does not decide the jurisdictional effect of a timely, but defective, notice of appeal. While subject matter jurisdiction may be raised for the first time in the Court of Appeals, we note that defendants correctly concluded that plaintiffs' failure to timely file the affidavit with the notice of appeal did not deprive the trial court of jurisdiction to hear plaintiffs' motion for relief from judgment, citing case law so holding. See defendants' brief, page 1. See Enyart v. Columbus Metro. Area Community Action Organization (Sept. 6, 1994), Franklin App. No. 93APE12-1658; Longhauser v. Beatty, Inc. (1988), 55 Ohio App.3d 215.
 {¶ 26} Defendants' assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
BOWMAN and BRYANT, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.