This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Gina LaFollette has appealed from a decision of the Lorain County Court of Common Pleas that denied her Civ.R. 60(B) motion. This Court affirms.
 I.
{¶ 2} On July 11, 2000, Appellant Gina LaFollette entered into a written contract with Appellees Eddie Dumont and Big "D" Contractor, whereby Appellees were to act as sub-contractors by providing labor in connection with the construction of a new home. Appellant, unsatisfied with Appellees' work, filed suit against Appellees in Lorain County on January 19, 2001. Appellant claimed that Appellees were negligent, dilatory, and delayed completing jobs. Appellant further alleged that Appellees frivolously, and with malice, filed a mechanic's lien with the Lorain County Recorder, and that said filing resulted in slander of title. As a consequence of such claims, Appellant sought approximately $10,600 plus attorney fees and punitive damages.
{¶ 3} On February 9, 2001, Appellees filed an answer and a counterclaim. In their answer, Appellees denied the allegations contained in Appellant's complaint and contended, among other things, that Appellant's claims were barred because she failed to perform conditions precedent to Appellees' performance of the contract. In the counterclaim, Appellees alleged that Appellant breached the contract by refusing to pay $2,990. Appellees demanded judgment in the amount of $2,990 plus interest and attorney fees. Appellant filed a response to Appellees' counterclaim on February 20, 2001.
{¶ 4} On June 22, 2001, the trial court referred the matter to arbitration, and an arbitration hearing was set for August 21, 2001.[1]
Appellant did not appear at the arbitration hearing, and the hearing was reset for October 2, 2001. Prior to October 2, 2001, Appellant's counsel moved to withdraw, and the trial court granted said motion on September 6, 2001. The arbitration hearing scheduled for October 2, 2001 did not take place because the trial court, on its own motion, rescheduled the hearing for November 15, 2001 for good cause shown. Appellant did not appear at the November 15, 2001 arbitration hearing, but Appellees attended the hearing accompanied by counsel. The arbitrators dismissed Appellant's complaint, and awarded Appellees damages in the amount of $6,590 plus interests and costs including arbitration fees. The arbitration award stated:
{¶ 5} "Plaintiff's Complaint dismissed. Plaintiff did not appear for the arbitration hearing. Defendant present [with] Attorney Doyle. Defendant, Dumont testified and submitted documentary evidence as to money not paid on a contract to construct a home for labor and materials provided to Plaintiff. Judgment for Defendant, Dumont in the amount of $6,590 [plus] costs [including arbitration] fees and interest from date of the lawsuit."
{¶ 6} Pursuant to Loc.R. 20(F)(2) of the Court of Common Pleas of Lorain County, General Division[2], the arbitration award was filed with the trial court on November 16, 2001, but Appellant did appeal the arbitrators' award within thirty days of the filing of the award, as required by Loc.R. 20(H)(1)[3]. Absent a timely appeal from the arbitration award, the trial court entered judgment in accordance with the arbitrators' award on December 19, 2001[4]; Appellees were awarded judgment in the amount of $6,590 plus costs, including arbitration fees and interest from the date of the lawsuit.
{¶ 7} On January 25, 2002, Appellant filed a motion to vacate the judgment pursuant to Civ.R. 60(B).[5] Appellees did not file a response. The trial court denied the motion on July 10, 2002. Appellant filed a timely appeal on August 8, 2002, asserting one assignment of error.
 II. Assignment of Error
{¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO VACATE JUDGMENT PURSUANT TO [CIV.R. 60(B)]."
{¶ 9} In Appellant's sole assignment of error, she has argued that the trial court abused its discretion in denying her motion to vacate. Specifically, Appellant has argued that she possesses a meritorious claim and that she is entitled to relief because her failure to appear at the arbitration hearing was a result of excusable neglect. We disagree.
{¶ 10} Civ.R. 60(B) governs motions for relief from judgment, and provides, in pertinent part:
{¶ 11} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Civ.R 59(B)]; (3) fraud ***, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
{¶ 12} Pursuant to Civ.R.60(B), a movant must prove three factors in order to obtain relief from judgment: (1) a meritorious defense; (2) entitlement to relief under 60(B)(1)-(5); and (3) that the motion was filed within a reasonable time, with a maximum time being one year from the judgment entry if the movant alleges entitlement to relief under Civ.R. 60(B)(1)-(3). GTE Automatic Electric, Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, 150-151.
{¶ 13} The standard used to evaluate the trial court's decision to deny a Civ.R. 60(B) motion is an abuse of discretion. State ex rel. Russov. Deters (1997), 80 Ohio St.3d 152, 153, at *4. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The court abuses its discretion if it grants relief in a case where the movant has not demonstrated all three factors in its motion. Mitchell v.Mill Creek Sparkle Market, Inc. (June 29, 1999), 7th Dist. No. 97 CA 230, 1999 Ohio App. LEXIS 3153, at *4, citing Russo,80 Ohio St.3d at 154. If, however, the materials submitted by the parties clearly establishes the movant is entitled to relief, then the motion should be granted. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 104 ("If the material submitted by the parties in support of and in opposition to the motion clearly establishes that the movant filed a timely motion, has stated valid reasons why he is entitled to relief under one of the provisions of [Civ.R. 60(B)(1)-(5)], and has a defense, the trial court should grant the motion for relief from judgment and overruling the motion would be an abuse of discretion." (Emphasis omitted.)).
{¶ 14} This Court was faced with facts similar to the instant matter in Williams v. Emmco Properties (May 21, 1986), 9th Dist. No. 12417. The facts in Williams are as follows. Audrey Williams ("Williams") filed suit against Emmco Properties ("Emmco"). After a pretrial hearing, the trial court referred the matter to compulsory arbitration pursuant to Loc.R. 10 of the Court of Common Pleas of Summit County. The arbitration panel found in favor of Emmco, and issued its report and award on May 7, 1985. Williams did not file an appeal de novo within the thirty days provided for by Loc.R. 10.17, and the trial court entered judgment in favor of Emmco on June 14, 1985. Williams then filed a Civ.R. 60(B) motion on June 21, 1985, in which she argued that she was entitled to relief pursuant to Civ.R. 60(B), excusable neglect, because neither she nor her attorney ever received a copy of the arbitrator's award. The trial court denied the motion, and Williams appealed.
{¶ 15} On appeal, this Court affirmed the trial court's denial of the Civ.R. 60(B) motion. Williams, at 5. We determined that the trial court did not abuse its discretion in concluding that Williams was not entitled to relief based on her claim that neither she nor her attorney received a copy of the arbitrator's report. Id. at 4. The record contained an affidavit from the Civil Administrator of the Summit County Common Pleas Court stating that a copy of the report and award was mailed to Williams' attorney on the same day the award was issued. Further, the address to which the report was mailed was the post office box Williams' attorney put on the pleadings before the trial court. The presence of the Civil Administrator's affidavit was sufficient to raise the rebuttable presumption that Williams received the arbitrator's report, and the trial court simply determined that Williams failed to overcome the presumption, especially in light of the fact that the report was not returned. We held that "[b]y failing to carry this burden of proof, Williams has failed to demonstrate that she is entitled to relief [from] judgment based upon excusable neglect pursuant to Civ.R. 60(B)(1)." Id.
{¶ 16} Similarly, Appellant in the instant matter has argued that she is entitled to relief from judgment based upon excusable neglect pursuant to Civ.R. 60(B)(1). Appellant, just as the party in Williams
attempted to argue, has argued that she did not receive notice of the November 15, 2001, arbitration date pursuant to Loc.R. 20(E)(1)[6] and that her "former counsel failed to give her notice of the new arbitration date — despite the fact that [former counsel] received notice of the continuance a mere three weeks after he withdrew."
{¶ 17} The trial court, however, denied Appellant's Civ.R. 60(B) motion on the ground that Appellant failed to satisfy the second prong of the GTE test. That is, the trial court concluded that Appellant failed to establish that she was entitled to relief under the reasons set forth in Civ.R. 60(B)(1). The trial court explained:
{¶ 18} "The record does reflect that [Appellant's] notice of the rescheduled date was sent to her previous attorney. But, [Appellant] did have notice of the arbitration scheduled for October 2, 2001. The record does not reflect that she appeared at Court on October 2, 2001. Plaintiff's affidavit does not state that she appeared at Court for the October 2, 2001 arbitration hearing and was not told by the Court that the arbitration had been continued. Had she appeared on that date, the Court would have notified her of the rescheduled date."
{¶ 19} In determining whether the trial court abused its discretion in concluding that Appellant failed to demonstrate excusable neglect, this Court is mindful that "the concept of `excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1), is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to `strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.'" (Citations omitted.) Moore v. Emmanuel FamilyTraining Ctr. (1985), 18 Ohio St.3d 64, 68, quoting Svoboda v. Brunswick
(1983), 6 Ohio St.3d 348, 349.
{¶ 20} In the case sub judice, Appellant admitted in an affidavit attached to her Civ.R. 60(B) motion that "on or about November 19, 2001, I received notice from the Court that an arbitration was held on November 15, 2001, in which defendant Eddie W. DuMont obtained a judgment against me in the amount of $6,590.00." It is apparent that Appellant was aware that a judgment had been obtained against her on November 19, 2001. Yet, despite this knowledge, Appellant did not appeal the arbitrators' judgment as allowed by Loc.R. 20(H)(1). Rather, Appellant waited until after the trial court confirmed the arbitrators' decision on December 19, 2001 to take action.
{¶ 21} Having learned of the arbitration award against her on November 19, 2001 (only four days after the arbitration hearing), Appellant's only option to dispute that award was to invoke Loc.R. 20(H)(1) thirty days after the award was issued. Appellant cannot legitimately do nothing after receiving actual notice of the arbitration award against her and subsequently claim that such an award should be set aside because she did not receive notice of the arbitration date. Therefore, we cannot say that the trial court abused its discretion in denying Appellant's Civ.R. 60(B) motion for relief from judgment. Accordingly, Appellant's assignment of error lacks merit.
 III.
{¶ 22} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J. and BAIRD, J. CONCUR.
[1] Loc.R. 20 of the Court of Common Pleas of Lorain County, General Division sets forth rules and procedures governing arbitration of cases filed in the Lorain County Court of Common Pleas. Loc.R. 20(B)(1) provides that certain civil cases in which the amount in controversy is $30,000 or less shall be submitted to compulsory arbitration. Further, Loc.R. 20(H) permits any party to appeal from an arbitration decision to the Lorain County Court of Common Pleas. Consistent with Sup.R. 15(A)(2)(d) of the Rules of Superintendence for the Courts of Ohio, all such appealed cases are heard de novo. Loc.R. 20(H)(3).
[2] Loc.R. 20(F)(2) provides, in pertinent part: "Within twenty (20) days after the hearing, the arbitration board shall file a report and award with the Clerk of Courts of Lorain County and on the same day shall mail or otherwise forward copies thereof to the parties or their counsel in accordance with [Civ.R. 5(B)]."
[3] Loc.R. 20(H)(1) provides, in pertinent part: "Any party may appeal from the action of the arbitration board to the Common Pleas Court of Lorain County unless the right of appeal is waived by all parties and all counsel to the proceedings in writing prior to the arbitration hearing[.] *** The right of appeal shall be subject to the conditions set forth in this rule, all of which shall be completed within thirty (30) days after the filing of the report and award with the Clerk of Courts." The thirty-day limit for filing an appeal from an arbitration award is procedural, not jurisdictional. Was v. A.J.L.S., Inc. (1985),21 Ohio App.3d 280, 281; see, also, Klaus v. Convenient Food Mart (June 5, 1991), 9th Dist. No. 1972, at 5; Spears v. Hairston (Sept. 26, 2000), 10th Dist. No. 99AP-1300, 2000 Ohio App. LEXIS 4399, at *3-4, appeal not allowed (2001), 91 Ohio St.3d 1433; Longhauser v. Beatty, Inc. (1988),55 Ohio App.3d 215, 216. The failure to comply with the procedural requirements for appealing an arbitration award is grounds for dismissal, and this decision is within the discretion of the trial court. Was, 21 Ohio App.3d at 281.
[4] The trial court entered judgment in accordance with the arbitrators' award pursuant to Loc.R. 20(F)(3), which provides: "The report and award, unless appealed from as hereinafter provided, shall be final and shall have the attributes and legal effect of a verdict. If no appeal is taken within the time and in the manner specified thereof, the judge assigned to the case shall enter judgment in accordance with the majority report. After entry of such judgment, execution process may be issued as in the case of other judgments."
[5] As previously noted, it is within the trial court's discretion to hear an appeal of an arbitration award after the thirty-day appeal deadline has expired. See Was v. A.J.L.S., Inc., supra. The Civ.R. 60(B) motion filed by Appellant was used as a means of extending the time for an appeal, and this was permissible. See, generally, Bracero v.Renaissance Inn (Oct. 12, 1994), 9th Dist. No. 94CA005872; Williams v.Emmco Properties (May 21, 1986), 9th Dist. No. 12417; Riffle v. GrangeMutual Cas. Co. (Mar. 7, 1985), 10th Dist. No. 84AP-1025, 1985 Ohio App. LEXIS 5963, at *4 (indicating that the time for filing an appeal from an arbitration award under the local rule can be extended by filing a motion for relief from judgment under Civ.R. 60(B) for good cause shown).
[6] Loc.R. 20(E)(1) provides, in relevant part: "The assigned judge shall fix a time and date for the hearing and shall send written notice of the time, date and place of the hearing to the members of the arbitration board and to the parties or their counsel in accordance with [Civ.R. 5(B)]."