DECISION
{¶ 1} Plaintiff-appellee, Stephanie McBride, filed a complaint against defendants-appellants, the City of Columbus and Donald Eugene Palmer II. Palmer was later dismissed as a party and the case was referred to arbitration, pursuant to Loc.R. 103.[1] After the arbitration was held on May 28, 2004, a Loc.R. 103 Arbitration Report and Award ("Arbitration Report and Award") finding in favor of appellee for $122,000, was filed in the Franklin County Court of Common Pleas on June 3, 2004. On July 21, 2004, a decision and judgment entry adopting the arbitration report and award was filed.
 {¶ 2} On July 28, 2004, appellant filed a Civ.R. 60(B) motion contending it had not had an opportunity to properly appeal the Arbitration Report and Award before the trial court filed the entry adopting the award because it had not been served with a copy of the Arbitration Report and Award. After an oral hearing, the trial court denied the motion. Appellant has filed a notice of appeal and raises the following assignments of error:
I. The trial court erred in holding that a telephone call and/or a copy of the arbitration "Report and Award" mailed by opposing counsel is formal service of the "Report and Award" to defendant/appellant, contrary to Civ. R. 58(B), Local Rule 103 and the Appellate Rules.
II. The trial court erred in holding that the time to appeal an arbitration panel's "Report and Award" begins to run with the filing of the report with the court, contrary to Local Rule 103.
 {¶ 3} By the first assignment of error, appellant contends that the trial court erred in finding that appellant received formal service of the Arbitration Report and Award. Appellant filed its appeal from a denial of its Civ.R. 60(B) motion. Civ.R. 60(B) provides, in relevant part:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (5) any other reason justifying relief from the judgment. * * *
 {¶ 4} In GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus, the court set forth the requirements a movant must demonstrate to prevail upon a Civ.R. 60(B) motion, as follows:
(1) * * * [T]he party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B) (1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B) (1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
 {¶ 5} The moving party must establish the three requirements separately and the test is not fulfilled if any one of the requirements is not met. GTE, at 151. The granting or denying of a Civ.R. 60(B) motion is a matter within the sound discretion of the trial court and the court's ruling will not be reversed absent a showing of abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} Appellant has not specified which section of Civ.R. 60(B) applies, but (B)(2) through (4) are inapplicable. Also, Civ.R. 60(B)(5) should not be used as a substitute for any of the other more specific provisions of Civ.R. 60. Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, 66. Thus, appellant must demonstrate that it has a meritorious defense or claim to present, it is entitled to relief due to mistake, inadvertence, surprise or excusable neglect and the motion is made within a reasonable time, and, not more than one year after the judgment was entered.
 {¶ 7} Sup.R. 15(A)(2)(c) provides:
Within thirty days after the hearing, the board or the single arbitrator shall file a report and award with the clerk of the court andforward copies to all parties or their counsel. The report and award, unless appealed, shall be final and have the legal effect of a verdict upon which judgment shall be entered by the court.
(Emphasis added.)
 {¶ 8} Loc.R. 103.12 provides:
Within thirty (30) days after the hearing, the chairperson shall file a Report and Award with the Clerk and the Arbitration Clerk, and on the same day shall mail or otherwise forward copies to all parties or their counsel. * * * The Clerk of Courts shall note the Report and Award on the docket, and shall provide a copy to the assigned judge.
(Emphasis added.)
 {¶ 9} Appellant's Civ.R. 60(B) motion contained the affidavit of the arbitration chairman who stated that he presented the Arbitration Report and Award to the court's arbitration administrator for filing and for service to the parties but he did not mail a copy to appellant or its counsel. Also attached was the affidavit of the arbitration clerk, who stated that the original Arbitration Report and Award was submitted to the court for signature approval on May 28, 2004. However, for unknown reasons, the original was filed with the clerk without being submitted to the arbitration clerk and she did not mail service copies to counsel. There is no record in the court's appearance docket of the Arbitration Report and Award being mailed or otherwise distributed to either counsel. Appellant's counsel submitted an affidavit, in which he stated that he has never been "served" with a copy. Thus, he argues, the time for filing an appeal has not commenced.
 {¶ 10} Appellee argues that the rules and case law only require that appellant have actual knowledge of the Arbitration Report and Award. In other words, the directives of the local rule and the superintendence rule are procedural, not jurisdictional. Attached to appellee's memorandum contra was a stipulation of evidence, which stated that, on May 28, 2004, one of the arbitrators notified appellant's counsel of the arbitration panel's decision and award. Also attached was the affidavit of appellee's counsel, who stated that on June 15, 2004, the arbitration chairman informed him that the Arbitration Report and Award had been filed with the court. He asked the chairman to fax a copy to him and he forwarded a copy, along with a letter to appellant's counsel on the same day.
 {¶ 11} The trial court agreed with appellee and denied the Civ.R. 60(B) motion, finding that appellant did not file a timely appeal and the Arbitration Report and Award was final. It found in its decision and entry that despite not receiving a copy of the Arbitration Report and Award directly from the arbitration chairman or the court, appellant's counsel had actual knowledge of the Arbitration Report and Award after receiving notice from one of the arbitrators on May 28, 2004, and receiving a copy from appellee's counsel. The time to file an appeal begins with the filing of the arbitration award with the court, not with service on counsel. See Loc.R. 103.14. Thus, the trial court found appellant did not file a timely appeal.
 {¶ 12} The specific procedure for filing an appeal is found in Loc.R. 103.14. It provides as follows:
A. Right of Appeal De Novo. Any party may appeal from the action of the board to the Common Pleas Court. * * * The right of appeal shall be subject to the following conditions, all of which shall be complied with within thirty (30) days after the filing of the award with the Clerk of Courts.
(Emphasis sic; emphasis added.) Sup.R. 15(2)(d) contains a similar directive. The 30-day limitation for filing an appeal de novo has been determined to be a procedural rule, and does not affect the trial court's jurisdiction. Lehr v. Spangler (June 22, 1993), Franklin App. No. 93AP-187, citing Was v. A.J.L.S., Inc. (1985), 21 Ohio App.3d 280, 281. Thus, the time for filing an appeal is extendable under Civ.R. 60(B) for good cause shown, from the date of filing. Riffle v. Grange Mut. Cas.Co. (Mar. 7, 1985), Franklin App. No. 84AP-1025. There is no requirement of formal service as contemplated under the civil rules. Thus, the issue is: did the court abuse its discretion in finding that actual notice or knowledge was sufficient. Appellant provided no allegation of prejudice due to a failure of formal "service" as opposed to actual notice. As a result, he failed to demonstrate "good cause" under Civ.R. 60(B).
 {¶ 13} A similar analysis was employed in Riffle. There, the arbitration report was filed with the court and, after 30 days, plaintiff filed a motion to extend the time for filing an appeal based on the fact that counsel had never received a copy of the arbitration report and he was totally unaware of the result in the arbitration until after the 30 days had expired. The trial court entered judgment in favor of the defendants based upon the arbitration award. This court affirmed the trial court's judgment, finding that the time for filing of the appeal for a trial de novo dates from the filing of the award with the clerk of courts and does not date from sending the arbitration report to the parties, although the failure of plaintiff to receive notice of the report and award is a circumstance which can be considered by the trial court in ruling upon a Civ.R. 60(B) motion.
 {¶ 14} In the instant case, appellant's counsel admitted that he had actual knowledge of the Arbitration Report and Award. One of the arbitrators telephoned counsel on the day the arbitration was held. Appellee's counsel also attached a copy of the Arbitration Report and Award to a letter sent to appellant's counsel on June 15, 2004. Appellant demonstrated no prejudice from the fact that the arbitration chairman did not send counsel a copy of the report, thus appellant failed to show he was entitled to relief under any prongs of Civ.R. 60(B). In the absence of prejudice, we cannot find that the trial court abused its discretion in overruling appellant's Civ.R. 60(B) motion. Appellant's assignments of error are not well-taken and are overruled.
 {¶ 15} For the foregoing reasons, appellant's assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
French and McGrath, JJ., concur.
CHRISTLEY, J., retired of the Eleventh Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.
[1] Loc.R. 103 is promulgated under Sup.R. 15.